J-S32040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| REGINALD HARRIS | : | |
| | : | |
| Appellant | : | No. 1879 MDA 2017 |

Appeal from the Judgments of Sentence October 19, 2017
in the Court of Common Pleas of Union County
Criminal Division at Nos.:  CP-60-CR-0000190-2016
CP-60-CR-0000191-2016
CP-60-CR-0000192-2016
CP-60-CR-0000193-2016

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                          **FILED AUGUST 10, 2018**

Appellant, Reginald Harris, appeals from the judgments of sentence imposed on October 19, 2017, following his guilty plea conviction in four cases to three counts of retail theft and one count of theft by deception.[1] Specifically, he claims that the trial court erred by not setting forth adequate reasons for the sentence on the record, and that he is entitled to relief because of the ineffectiveness of trial counsel during a pre-trial hearing.  We affirm the judgments of sentence and decline to consider the effectiveness of counsel on this direct appeal.

---

[1] 18 Pa.C.S.A. §§ 3929(a) and 3922(a).

---

\*   Retired Senior Judge assigned to the Superior Court.

We take the factual and procedural history in this matter from our review of the certified record. Appellant was charged in four different cases with retail theft, theft by deception, and other related charges. The offenses stemmed from four different incidents wherein Appellant under-rang items for sale at a Walmart, intending to deprive the merchant of the full retail value, and where he used counterfeit $100 bills to purchase items at Walmart, later returning the items and receiving credit for them. (**See** N.T. Guilty Plea and Sentencing Hearing, 10/18/17, at 4-5). The Commonwealth consolidated the four cases for trial.

Prior to trial, Appellant failed to appear at a pre-trial conference on January 6, 2017, although defense counsel was present. The court issued a bench warrant for Appellant's arrest, and granted defense counsel's motion to revoke Appellant's Bail. (**See** Trial Court Opinion, 1/24/18, at 2).

On October 18, 2017, Appellant pleaded guilty, pursuant to a plea agreement, to one count in each of the informations (one count of retail theft in CR-190, CR-191, and CR-193 of 2016; and one count of theft by deception in CR-192-2016).

> The terms of [Appellant's] plea agreement were: Sentence is to be the lower end of the standard range. Credit for time served, consecutive or concurrent and length of tail is for argument. Commonwealth will *nol pros* remaining counts. Prior record score is a [five].

(**Id.** at 2-3) (record citation omitted).

The trial court engaged in a detailed on the record colloquy with Appellant. It explained the written plea colloquy that Appellant had signed,

and verified that defense counsel reviewed the form with him and that it was in fact his signature. (*See* N.T. Hearing, at 5-6). The court then explained the plea agreement and the fact that it was not bound by the agreement for the maximum sentence, and could impose a maximum of up to twenty years. (*See id.* at 6-8). The court explained that given Appellant's prior record score of five, with four prior offenses, and the terms of the plea agreement where it could impose sentences consecutively, the sentence could be as much as not less than nine months nor more than twenty years of incarceration. (*See id.* at 8-9). After conferring with his attorney, Appellant pleaded guilty to the aforementioned charges.

The court then proceeded to sentencing. It explained that Appellant had the right to request a presentence investigation report (PSI), which would give the court more information with respect to sentencing, but stated that it was already aware of significant parts of Appellant's history, specifically that when Appellant was sixteen, he was convicted as an adult of the crime of murder; that he was convicted of a federal crime of cocaine delivery and served sixty-five months in a federal penitentiary, and that he has been sentenced on charges in both Montgomery and Chester Counties. (*See id.* at 12). Appellant agreed to proceeding to sentencing without a PSI. (*See id.* at 13). The court explained the guidelines standard range sentences for the charges, and listened to both defense counsel's argument and Appellant's statement on his own behalf. (*See id.* at 13-15). The court then accepted the plea agreement and sentenced Appellant to not less than six months nor more than five years

of imprisonment for the one count of theft by deception (concurrent to the sentence Appellant was serving in Chester County); and not less than one month nor more than five years' imprisonment for the three retail theft convictions, concurrent to each other, but consecutive to the sentence for theft by deception.

Appellant filed a timely post-sentence motion, which the trial court denied on November 2, 2017. This timely appeal followed.[2]

Appellant raises two questions on appeal:

1.   Did error occur when the reasons for Appellant's sentence were not specifically placed on the record?

2.   Did error occur where Appellant's prior counsel claimed Appellant duped his wife and defense counsel asked for Appellant's bail to be revoked?

(Appellant's Brief, at 10).

In his first issue, Appellant claims that the trial court erred when it did not state the reasons for the sentence on the record. (*See id.* at 15-16). Specifically, Appellant claims that the court's failure to state its reasons prevented him "from exploring all possible options for relief." (*Id.* at 16). Appellant's claim is meritless.

Appellant's first issue challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle

---

[2] Pursuant to the trial court's order, Appellant filed a concise statement of errors complained of on appeal on December 27, 2017. The trial court entered its opinion on January 24, 2018. *See* Pa.R.A.P. 1925.

an appellant to review as of right." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (case citations and quotation marks omitted). Thus, in order to seek review on the merits, Appellant must invoke this Court's jurisdiction by: (1) preserving the issue by raising it at the time of sentencing or in a post-sentence motion, (2) filing a timely notice of appeal, (3) setting forth a concise statement of reasons relied on for the allowance of appeal in accordance with Pa.R.A.P. 2119(f), and (4) raising a substantial question for our review that the sentence appealed from is not appropriate under the sentencing code. ***See id.***

Here, Appellant filed a motion to modify sentence, which the trial court denied. In that motion, Appellant contends that he "believes the sentence of ten years is manifestly excessive to constitute an abuse of discretion." (Motion to Modify Sentence, 10/27/17, at unnumbered page 2). However, Appellant failed to raise his claim that the court failed to state its reasons on the record, in either his motion to modify sentence, or during the sentencing hearing. Accordingly, we conclude that he has waived this claim. ***See Commonwealth v. Bullock***, 948 A.2d 818, 826 (Pa. Super. 2008), *appeal denied*, 968 A.2d 1280 (Pa. 2009) ("As such, Appellant did not give the sentencing judge an opportunity to reconsider or modify [his] sentence on this basis, and, therefore, the claim is waived.") (citation omitted); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Moreover, even if not waived, Appellant's claim would not merit relief.

- 5 -

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. [**See**] 42 Pa.C.S. § 9721(b). . . . Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.

**Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (case citations and quotation marks omitted).

"When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." **Id.** at 761 (citation omitted). "As long as the trial court's reasons demonstrate that it weighed the Sentencing Guidelines with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed." **Commonwealth v. Begley**, 780 A.2d 605, 643 (Pa. 2001) (citation omitted).

Here, the trial court explained that it was aware of Appellant's age, address, and significant criminal record including murder and felony drug

charges. The court offered Appellant the opportunity for a PSI, which he waived. (*See* N.T. Hearing, at 12-13). The court explained the guideline ranges for the charges, and listened to both defense counsel's argument and Appellant's statement on his own behalf. It then imposed a sentence that was consistent with the plea agreement.

Upon review, we conclude that the court stated adequate reasons on the record to support its sentence. The record, as a whole, reflected consideration of the factors set forth in the sentencing code. *See Antidormi*, *supra* at 761. As such, the court did not abuse its discretion in sentencing Appellant within the standard range of the guidelines. Appellant's challenge to the discretionary aspects of his sentence, even if not waived, would be meritless.

Appellant's second question raises a claim of the ineffectiveness of trial counsel. (*See* Appellant's Brief, at 16-20). Absent certain extraordinary circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review; . . . such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (footnote omitted).

There are three notable exceptions to the general deferral of ineffective assistance of counsel claims to PCRA review:

> The first exception, . . . affords trial courts discretion to entertain ineffectiveness claims in extraordinary circumstances where a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice. The second exception . . .

gives trial courts discretion to address ineffectiveness claims on post-sentence motions and direct appeal if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence.

***Commonwealth v. Delgros***, 183 A.3d 352, 360 (Pa. 2018) (citations omitted). Finally, the third exception, adopted by our Supreme Court in ***Delgros***, ***supra***, requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Id.*** at 361.

Here, Appellant claims that he should be entitled to review of his claim on direct appeal because "the issue is far beyond one of ineffectiveness . . . . This was an utter failure of counsel and of the system itself, a remarkable depravation of [Appellant's] constitutional rights." (Appellant's Brief, at 19). The trial court declined to address this issue in its Rule 1925(a) opinion. (***See*** Trial Ct. Op., at 5).

Upon review, we conclude Appellant has not demonstrated how immediate consideration of his ineffectiveness claim (against the attorney who represented him at a pre-trial conference, not during his guilty plea or sentencing), best serves the interest of justice. ***See Delgros***, ***supra*** at 360. Furthermore, we note that Appellant has not waived his right to seek subsequent PCRA review of his conviction and he is not statutorily barred from seeking PCRA relief, thus the second and third exceptions do not apply. Accordingly, because none of the three exceptions apply, we decline to review Appellant's claims of ineffectiveness during this, his direct appeal.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2018