J-S70021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY MARIE EDMUNDS | : | |
| | : | |
| Appellant | : | No. 1386 EDA 2018 |

Appeal from the Judgment of Sentence April 11, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005384-2017

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MARCH 14, 2019**

Ashley Marie Edmunds appeals from the judgment of sentence entered following her conviction for simple assault.[1] Edmunds challenges the weight of the evidence and argues that she was denied effective assistance of counsel. As Edmunds has waived both issues, we affirm.

Edmunds was found guilty of two counts of simple assault following a non-jury trial that took place on November 30, 2017. At trial, the Commonwealth presented evidence that on August 6, 2017, Edmunds went to the home of her ex-boyfriend and accosted his girlfriend, with whom Edmunds had been exchanging threatening and harassing voicemail and text messages. Edmunds also assaulted her ex-boyfriend when he tried to intervene. The girlfriend testified, as did Edmunds and Edmunds' mother, who

_____

[1] 18 Pa.C.S.A. § 2701(a)(1).

had driven Edmunds to the residence and entered when the fight was underway. The Commonwealth introduced into evidence photographs of the victims' injuries and the damage Edmunds did to the girlfriend's cell phone, and Edmunds introduced photographs of her own injuries. Edmunds claimed that the two victims ambushed her upon her entry, that she threw no punches, and that she acted in self-defense. **See** Trial Court Opinion, filed June 19, 2018, at 5-9.

Edmunds was represented at trial by the office of the public defender, and was represented by private counsel at sentencing. The court sentenced Edmonds on April 11, 2018, to one year of probation. Edmunds did not file a post-sentence motion, but filed a timely notice of appeal.

Edmunds raises the following issues:

A. Whether [t]he verdict is against the weight of the evidence and that [Edmunds] should be granted a new trial?

B. Whether [t]rial counsel was ineffective for failing to present character witnesses on behalf of [Edmunds]?

Edmunds' Br. at 5.[2]

## I. Weight of the Evidence

Edmunds first argues that she should be granted a new trial because the verdict was against the weight of the evidence. According to Edmunds,

---

[2] On January 24, 2019, we issued a *per curiam* order directing the trial court to supplement the certified record with the notes of testimony of the sentencing proceeding. We received a supplemental record, including the transcript of sentencing, on February 5, 2019.

her testimony, "if believed, would establish [Edmunds'] claim of self-defense." Edmunds' Br. at 11. Edmunds also asserts that the Commonwealth failed to rebut her testimony that she was attacked.

Although Edmunds labels her claim as a challenge to the weight of the evidence, Edmunds recites the standard for a review of the sufficiency of the evidence. *See* Edmunds' Br. at 3, 8, 9. We caution that challenges to the weight and sufficiency of the evidence are separate and distinct claims, as the former "concedes that the Commonwealth has produced sufficient evidence of each element of the crime, but questions which evidence is to be believed." *Commonwealth v. Kinney*, 157 A.3d 968, 971 (Pa.Super.) (quoting *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa.Super. 2006)), *appeal denied*, 170 A.3d 971 (Pa. 2017). The claims are viewed under different standards upon review, and, when successful, warrant different remedies. *See Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000). Upon a challenge to the weight of the evidence, we review whether the trial court abused its discretion when deciding whether the verdict "shock's one's sense of justice" because "certain facts are so clearly of greater weight." *Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013).

In its Rule 1925(a) opinion, the trial court found Edmunds' weight claim to be waived, as she failed to raise it prior to filing her Rule 1925(b) statement. *See* Pa.R.A.P. 1925(a), (b); Tr. Ct. Op. at 2. Edmunds does not address the trial court's finding of waiver, and our own review of the record reveals that Edmunds did not raise this issue prior to the appeal, either orally or by written

motion. **See** Pa.R.Crim.P. 607(A). Thus, we agree that it is waived. **See** Pa.R.A.P. 302(a); **Kinney**, 157 A.3d at 972.

We also note that Edmunds' argument that the Commonwealth failed to present any evidence to rebut her version of the events goes to the sufficiency of the evidence, which has not been raised on appeal. It nonetheless has no merit, as the Commonwealth presented testimony that Edmunds was the aggressor. **See** Tr. Ct. Op. at 3-9.

## II. Ineffective Assistance of Counsel

In Edmunds' second issue, she argues that counsel was ineffective for failing to present character witnesses in her defense, as she had no prior criminal convictions. Edmunds' Br. at 12-13. In its Rule 1925(a) opinion, the court explained that the ineffectiveness claim is premature. Tr. Ct. Op. at 2-3. Edmunds makes no response to this assessment.

Although a defendant should generally wait until collateral review under the Post Conviction Relief Act ("PCRA")[3] to raise claims of ineffective assistance of counsel, three exceptions to that rule have been established which allow a trial court the discretion to immediately entertain ineffectiveness claims. **Commonwealth v. Delgros**, 183 A.3d 352, 358, 360-61 (Pa. 2018).[4]

---

[3] **See** 42 Pa.C.S.A. §§ 9541-9546.

[4] The first exception applies under "extraordinary circumstances where a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice." **Delgros**, 183 A.3d at 360 (citing **Commonwealth v.**

However, despite the ability of a trial court to decide ineffectiveness claims in those limited instances in which an exception applies, we have found no authority allowing for appellate review of an ineffectiveness claim when the defendant has failed to raise it before the trial court in the first instance. Rather, our Supreme Court has repeatedly emphasized the importance of allowing meaningful consideration of an ineffectiveness claim **prior** to appellate review. In **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), the case in which the Court announced the general deferral rule, the Court observed that appellate review is impractical without an adequate record in the court below. **See Delgros**, 183 A.3d at 358. In **Holmes**, the Court established the first two exceptions to the **Grant** Rule, allowing **trial courts** the discretion to entertain ineffectiveness clams prior to collateral review when an exception applies. **See Delgros**, 183 A.3d at 360-61; **see also Holmes**, 79 A.3d at 576 (stating, "unitary review effectively advances a PCRA attack to the **post-verdict stage**" (emphasis added)). In **Delgros**, the Court announced the third exception, and again directed its application to trial courts. **Id.** at 361.

---

**Holmes**, 79 A.3d 562, 563 (Pa. 2013)). The second exception is applicable where "there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence." **Id.** (citing **Holmes**, 79 A.3d at 564). The third exception requires trial courts to entertain ineffectiveness claims "where the defendant is statutorily precluded from obtaining subsequent PCRA review." **Id.** at 361.

Here, Edmunds never raised the ineffectiveness issue before the trial court. We therefore conclude that Edmunds has waived the issue for review at this time, and dismiss the claim without prejudice. Given our disposition, we need not consider the trial court's assessment of whether its immediate review of the claim would have been appropriate in these circumstances.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/19