**[J-80-2017]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 27 WAP 2017 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered December 13, 2016 at |
| | : | No. 1472 WDA 2015, affirming the |
| v. | : | Judgment of Sentence of the Court of |
| | : | Common Pleas of Mercer County |
| | : | entered June 23, 2015 at No. CP-43- |
| EDWARD STEPHEN DELGROS, | : | CR-0001496-2014. |
| | : | |
| Appellant | : | SUBMITTED:  November 21, 2017 |

**<u>OPINION</u>**

**JUSTICE BAER**                                              **DECIDED:  APRIL 26, 2018**

We granted allowance of appeal to determine whether a defendant, who is ineligible for statutory collateral review because he was sentenced to pay a fine without incarceration or probation, may obtain review of ineffective assistance of counsel claims presented in post-sentence motions filed in the trial court.  The lower courts held that Edward Stephen Delgros ("Appellant") could not obtain review of his ineffectiveness claims because he failed to satisfy any of the exceptions to this Court's general rule deferring such claims to collateral review under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*  For the reasons set forth *infra*, we adopt a new exception to the general deferral rule, requiring  trial courts to examine ineffectiveness claims when the defendant is ineligible for PCRA review.  Accordingly, we vacate the Superior Court's judgment and remand to the trial court for consideration of Appellant's post-sentence claims of ineffective assistance of counsel.

# I. Background

The record establishes that in June of 2001, Appellant hired Robert Croyle to install a double-wide mobile home on his property. Croyle purchased two I-beams, described as being lightweight magnesium and more than twenty feet long, for $1,400.00 each and employed them to move the double-wide into position. Croyle left the I-beams and other materials on Appellant's property, intending to pick them up at a later time. When Croyle returned, his materials were not at the site, and Appellant denied knowledge of their whereabouts. Croyle reported the I-beams missing to the Hermitage Police Department. When Deputy Chief Eric Jewel questioned Appellant about the I-beams, he reiterated that he did not know where they had gone. With Appellant's authorization, Deputy Chief Jewel searched the premises to no avail.

Several months later, Appellant told his father that he had Croyle's I-beams and asked for his father's assistance in hiding them in the woods. Five to seven years thereafter, Appellant and his father used the I-beams to build a porch onto Appellant's house. In April of 2014, Hermitage police received a report that the I-beams were on Appellant's property. Appellant's father subsequently told Deputy Chief Jewel that Appellant had used Croyle's I-beams in the construction of his porch.

Deputy Chief Jewel went to Appellant's residence and saw the I-beams supporting the porch roof in plain view. After obtaining a warrant, photographs and samples of the I-beams were taken, which indicated that the beams were made of aluminum. When Croyle was asked about his prior claim that the missing beams were made of magnesium, he explained that he thought the beams were magnesium, but that they could have been aluminum. Based on holes present in the I-beams, however,

Croyle identified the I-beams photographed in Appellant's porch as being those that went missing years earlier.

Appellant was thereafter charged with the third degree felony of receiving stolen property. Following a jury trial, Appellant was convicted of this offense and was sentenced to pay restitution in the amount of $2,800.00, and a fine of $15,000.00. Appellant obtained new counsel and filed post-sentence motions seeking a new trial and/or arrest of judgment, raising the following contentions: (1) the prosecution was barred by the applicable statute of limitations; (2) the evidence was insufficient to support his conviction; (3) the verdict was against the weight of the evidence; (4) trial counsel was ineffective for failing to introduce evidence regarding the value of the I-beams for purposes of lowering the grade of the offense; and (5) trial counsel was ineffective for failing to seek suppression of the search warrant. Appellant requested an evidentiary hearing on the ineffectiveness claims.

The trial court granted oral argument and ordered briefing on the questions presented in the post-sentence motions. Thereafter, the trial court rejected Appellant's first three substantive claims on their merits. As to the remaining two claims, alleging trial counsel's ineffectiveness, the trial court denied Appellant's request for an evidentiary hearing. The court held that Appellant was not entitled to relief because the assertions of ineffectiveness constituted collateral claims that could only be raised pursuant to the PCRA. Trial Court Opinion at 7. The court reasoned that the PCRA requires a petitioner to be "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted, 42 Pa.C.S. § 9543(a)(1)(i), and that Appellant was never incarcerated, on probation, or on parole as he was sentenced only

to pay a fine.[1]  Trial Court Opinion at 7 (citing *Commonwealth v. Fisher*, 703 A.2d 714 (Pa. Super. 1997) (holding that Subsection 9543(a)'s eligibility requirement of current incarceration, probation or parole precludes PCRA relief for those petitioners who were sentenced only to pay a fine)).

On appeal to Superior Court, Appellant contended, *inter alia*, that the trial court erred by declining to entertain his ineffective assistance of counsel claims.  Appellant argued that while this Court in *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002), set forth a general rule deferring ineffective assistance of counsel claims to collateral review under the PCRA, we created exceptions to that rule permitting ineffectiveness claims to be presented in post-sentence motions and on direct appeal under limited circumstances.  *See Commonwealth v. Holmes*, 79 A.3d 562, 563-64 (Pa. 2013) (holding that a trial court retained discretion to entertain ineffectiveness claims on post-verdict motions and direct appeal where: (1) the claim of ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; or (2) where there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review from

---

[1] Subsection 9543(a) provides, in relevant part, that to be eligible for PCRA relief, the petitioner must plead and prove by a preponderance of the evidence . . . :

(1)  That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1).

his conviction and sentence). Appellant argued that he was entitled to review of his ineffectiveness claims under both of the *Holmes'* exceptions. He further maintained that, absent the opportunity to challenge his trial counsel's stewardship in post-sentence motions, he would be denied the opportunity to litigate his Sixth Amendment right to competent representation at trial, thereby depriving him of due process.

The Superior Court affirmed Appellant's judgment of sentence in a memorandum opinion rejecting, *inter alia*, his contention that the trial court erred by refusing to entertain his ineffectiveness claims. Regarding the first *Holmes'* exception to the general deferral rule, the Superior Court held that neither of Appellant's ineffectiveness claims (alleging a failure to challenge the value of the stolen property and a failure to challenge the validity of the search warrant) were apparent from the record and meritorious. The intermediate appellate court went on to hold that the second *Holmes* exception (good cause/waiver of future PCRA review) presumed that the defendant would subsequently be entitled to PCRA review. Because Appellant was sentenced to a fine and was not incarcerated, on probation, or on parole, the Superior Court held that Appellant would never be entitled to PCRA review under Subsection 9543(a)(1)(i), and, thus, could not satisfy *Holmes'* second exception to obtain merits review of post-sentence claims of ineffective assistance of counsel.

Finally, the Superior Court declined to find a due process violation resulting from Appellant's total inability to obtain review of his ineffectiveness claims, citing *Commonwealth v. Turner*, 80 A.3d 754, 764-67 (Pa. 2013), for the proposition that there is no due process right to non-custodial collateral review. Superior Court Memorandum at 11-12. Similarly, the intermediate appellate court cited its previous decision in *Commonwealth v. Fisher*, *supra*, which held that a PCRA petitioner sentenced only to pay a fine is ineligible for collateral relief under Subsection 9543(a) of the PCRA. The

Superior Court did not observe any distinction between Appellant's attempt to raise ineffectiveness claims in post-sentence motions and the attempts made by the PCRA petitioners in *Turner* and *Fisher* to obtain review of ineffectiveness claims presented in a PCRA petition governed by the statutory requisites.[2]

As noted, this Court granted allocatur to address whether Appellant, who is ineligible for collateral review under the PCRA because he was sentenced only to pay a fine, is entitled to review of ineffective assistance of counsel claims presented in post-sentence motions. This question constitutes a question of law; thus, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Baldwin*, 58 A.3d 754, 762 (Pa. 2011).

## II. The Parties' Arguments

Appellant contends that he is entitled to the right to counsel under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. He submits that this right encompasses the fundamental right to effective trial counsel. According to Appellant, his right to due process was violated when the lower courts declined to provide him an opportunity to litigate his challenges to trial counsel's representation, particularly considering that he can never present ineffectiveness claims on collateral review due to his ineligibility under Subsection 9543(a)(1).

Appellant asserts that the lower courts erred by concluding that his constitutional right to challenge trial counsel's stewardship was subordinate to or dependent upon the

---

[2] The Superior Court below additionally relied upon *Commonwealth v. Reigel*, 75 A.3d 1284 (Pa. Super. 2013), which involved ineffectiveness claims presented in a direct appeal from the imposition of a fine. In *Reigel*, the Superior Court affirmed the trial court's refusal to address the ineffectiveness claims, holding that while it was not unsympathetic to the defendant's total inability to pursue such claims, the current law did not allow for their review on direct appeal. *Id.* at 1289.

eligibility requirements of the PCRA. He contends that the evolution of this Court's case law regarding the general deferral rule supports his position that ineffectiveness claims should be addressed during the appellate process when those claims cannot be asserted under the PCRA. Specifically, Appellant relies on *Holmes*, which affords trial courts discretion to review ineffectiveness claims where there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction or sentence. He contends that the *Holmes* Court recognized that review of ineffectiveness claims during direct appeal proceedings was advantageous when it allowed defendants with shorter sentences, who would be ineligible for PCRA review when they were no longer incarcerated, the ability to litigate their ineffectiveness claims on direct appeal. Appellant posits that defendants who are ineligible for PCRA review because they were sentenced only to pay a fine should likewise be entitled to review of ineffectiveness clams to vindicate their constitutional right to effective representation at trial, which would otherwise be forfeited.

Appellant argues that the Superior Court misinterpreted the good cause/PCRA waiver exception in *Holmes* by presuming that application of such exception required compliance with the statutory requisites for PCRA relief. Contrary to the lower court's holding, he submits, *Holmes* in no way suggests that a defendant, convicted of a felony but sentenced only to pay a fine, should never have an opportunity to challenge his counsel's stewardship and/or to demonstrate that counsel ineffectiveness affected the outcome of his case. To the contrary, Appellant posits, when read in its entirety, *Holmes* recognizes the compelling need for the "short sentence exception" so that PCRA petitioners will have at least one opportunity for review of ineffectiveness claims due to their constitutional primacy. He concludes that defendants sentenced to pay a fine without incarceration or probation should be afforded the same protections.

Finally, Appellant submits, the Superior Court erred by relying on this Court's decision in *Commonwealth v. Turner, supra*, in support of its holding that his due process rights were not violated. He argues that *Turner* is distinguishable because it did not involve a defendant's attempt to raise ineffectiveness claims in post-sentence motions, as occurred here. Rather, Appellant asserts, this Court held in *Turner* that the PCRA's eligibility requirement in Subsection 9543(a)(1), that a petitioner be "currently serving a sentence of imprisonment, probation or parole," was not unconstitutional as applied to a petitioner who was no longer incarcerated, but had prior opportunities to present ineffectiveness claims. Unlike in *Turner*, Appellant contends, the lower court's decision leaves him no opportunity to challenge trial counsel's stewardship. Accordingly, Appellant respectfully requests that we reverse the Superior Court and remand to the trial court for consideration of his ineffectiveness claims.[3]

The Commonwealth responds that the lower courts correctly denied Appellant review of his ineffectiveness claims because he failed to satisfy any recognized exception to the general deferral rule. As Appellant relies exclusively on the second *Holmes'* exception (good cause/waiver of PCRA), the Commonwealth asserts that such exception is inapplicable because to waive PCRA review, a petitioner must be eligible to assert a claim under the PCRA in the first instance. Appellant is ineligible to do so here, it submits, because he was sentenced only to pay a fine and, thus, cannot satisfy Subsection 9543(a)(1).

---

[3] The Defender Association of Philadelphia ("DAP") has filed an *amicus curie* brief in support of Appellant, reiterating his sentiments that the right to effective counsel is a fundamental constitutional right necessary to ensure a fair trial. The DAP urges the Court to treat defendants sentenced only to a fine in the same manner as we treated defendants with a short sentence in *Holmes, i.e.,* afford them the opportunity to raise ineffective assistance of counsel claims on direct appeal.

In the Commonwealth's view, the inability of a non-custodial defendant to seek review of ineffectiveness claims does not offend due process because, for a due process right to attach, a defendant's liberty interest must in some way be infringed. Brief for Appellee at 18 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that liberty interests that are protected by due process are generally limited to freedom from restraint)). As Appellant was not subject to detention or the threat of detention, the Commonwealth maintains that there is no deprivation of liberty so as to create a due process right compelling an opportunity for review of ineffectiveness claims under the PCRA. It submits that there is no authority to support Appellant's request for a "fine-only" exception to the general deferral rule, particularly considering that the PCRA expressly limits eligibility to those individuals whose liberty is restricted. *See* Brief of Appellee at 17 (citing *Commonwealth v. Reigel*, 75 A.3d at 1288-89 (holding that a defendant convicted of summary offenses and sentenced to pay fines and costs was not eligible to litigate ineffective assistance of counsel claims on direct appeal) and *Commonwealth v. Fisher*, 703 A.2d 714 (Pa. Super. 1997) (holding that Subsection 9543(a)'s eligibility requirement of current incarceration, probation or parole precludes PCRA relief for those petitioners who were sentenced only to pay a fine)).

The Commonwealth further posits that this Court resolved the due process issue in *Turner*, where we held that Subsection 9543(a)(1)(i)'s limitation of PCRA review to individuals serving a sentence of imprisonment, probation, or parole comports with due process because individuals who are not serving a state sentence have no liberty interest and, therefore, no due process right to collateral review of that sentence. The Commonwealth contends that the inability of a non-custodial defendant to obtain review of ineffectiveness claims is a mere consequence of legislative choice. It argues that there is no case law or statutory authority obligating this Court to exempt defendants

sentenced to non-custodial, fine-only punishments from the PCRA requirements when attempting to raise claims challenging the effectiveness of trial counsel. To do so, the Commonwealth contends, would convert post-sentence practice into quasi-PCRA proceedings, which this Court rejected in *Grant*. It urges this Court to adhere to precedent by deferring ineffectiveness claims to collateral review.

*III. Evolution of Case Law on Treatment of Ineffectiveness Claims*

A review of case law involving this Court's historic treatment of ineffective assistance of counsel claims is helpful to understanding the issue presented. In *Commonwealth v. Hubbard*, 372 A.2d 687 (Pa. 1977), this Court declared that claims challenging counsel's effectiveness must be raised at the earliest stage of the proceedings at which the allegedly ineffective counsel no longer represented the defendant and, if not so raised, the claims were waived. *Id.* at 695 n.6.[4] Thus, a dichotomy arose in that the procedural rules traditionally did not permit issues to be raised for the first time on appeal or provide for supplementation of the record on appeal, yet the defendant, if represented by new counsel on appeal, was required to assert and develop a challenge to prior counsel's stewardship at that point of the proceedings, upon pain of waiver.

This Court reconsidered that procedure in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), observing the impracticalities of reviewing ineffectiveness claims on direct appeal including: (1) the absence of a trial court opinion to facilitate meaningful appellate review; (2) the inability of appellate courts to consider matters outside of the

---

[4] Two years prior to *Hubbard*, in *Commonwealth v. Dancer*, 331 A.2d 435 (Pa. 1975), this Court held that a defendant represented on direct appeal by new counsel waives his ineffectiveness claim by failing to present the issue on direct appeal, subject to a few enumerated exceptions. In *Hubbard,* we made such rule absolute. *See Grant*, 813 A.2d at 733 (discussing the history of the *Hubbard* rule).

record; and (3) the inability of appellate courts to make credibility determinations relating to ineffectiveness claims based on the cold record. *Id.* at 733-34. To remedy these concerns, the *Grant* Court abrogated the *Hubbard* rule and adopted a general rule that a defendant "should wait to raise claims of ineffective assistance of trial counsel until collateral review proceedings." *Id.* at 738.

The *Grant* Court opined that generally deferring ineffectiveness claims to collateral review proceedings was consistent with our procedural rules that prohibit appellate courts from considering issues that were not raised and developed in the court below, facilitating meaningful appellate review. *Id.* at 734; *see also* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Additionally, the Court concluded that generally deferring ineffectiveness claims to collateral review proceedings would allow for better development of the claims as appellate counsel could focus on reviewing the record for claims of error within the limited period for filing a direct appeal, while PCRA counsel would be afforded more time to investigate and develop non-record claims challenging prior counsel's performance in collateral proceedings. *Id.*; *compare* 42 Pa.C.S. § 9545(b)(1) (setting forth the general rule that a PCRA petition "shall be filed within one year of the date the judgment becomes final") *with* Pa.R.Crim.P. 720(A)(3) (providing the general rule that "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence")*.* Finally, the *Grant* Court recognized that the trial court is better suited than an appellate court to make credibility determinations relating to both the quality of trial counsel's performance and the impact of any deficiencies in stewardship. *Id.*

Concluding that deferral of ineffectiveness claims until collateral review proceedings offers a defendant "the best avenue to effect his Sixth Amendment right to

counsel," the *Grant* Court clarified that "any ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to avail himself of that opportunity." *Id.* at 738. *Grant* recognized the prospect of exceptions to the general rule in future cases, *id.* at n.14, and applied the newly-formulated rule to the parties before it by dismissing the ineffectiveness claims without prejudice, thereby allowing the defendant to raise the claims on collateral review. *Grant* further held that its new rule applies retroactively to "any other cases on direct appeal where the issue of ineffectiveness was properly raised and preserved." *Id.* at 738.

As occurs with all decisional law, this Court subsequently refined our holding in *Grant* when confronted with discrete factual scenarios in subsequent cases. In *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003), we declined to apply *Grant's* general deferral rule where: the defendant's ineffectiveness claims had been preserved by new counsel in post-sentence motions prior to our decision in *Grant;* the trial court held hearings during which trial counsel testified; and the trial court evaluated the ineffectiveness claims in its opinion based upon a sufficient record. This Court in *Bomar* reviewed such ineffectiveness claims on direct appeal as the concerns that led this Court in *Grant* to abrogate the *Hubbard* doctrine, which affected both the ability of the defendant to develop his claims and the reviewing court's ability to consider the claims, simply did not exist. *Bomar*, 826 A.2d at 853. This decision resulted in what has been colloquially referred to as the "*Bomar* exception" to *Grant's* general deferral rule.

In *Commonwealth v. O'Berg*, 880 A.2d 597 (Pa. 2005), the Court declined to recognize a categorical exception to *Grant's* general deferral rule, which would have permitted defendants with short sentences of incarceration, who would likely be ineligible for PCRA review as they would no longer be in custody, to present ineffectiveness claims on direct appeal. The Court held that the reasons for deferring

review of ineffectiveness claims espoused in *Grant* (*i.e.*, the lack of a trial court opinion, lack of a sufficient record, and transformation of an appellate court into a factfinder) are all present in the short-sentence scenario, thereby suggesting that deferral to collateral proceedings remained appropriate, even though some defendants may not be eligible for PCRA review as they would no longer be serving a sentence of imprisonment, probation or parole under Subsection 9543(a) of the PCRA. *O'Berg*, 880 A.2d at 601-02. The *O'Berg* Court found the concept of a "short sentence" too ambiguous to provide the lower courts any guidance on how to apply such an exception and feared that adopting a "short sentence" exception "would undermine the very reasons that led to our decision in *Grant* in the first instance." *Id.* at 602.[5] [6]

Notably, this Court again revisited *Grant*'s general deferral rule in *Commonwealth v. Holmes*, *supra*, where we granted allowance of appeal to address uncertainty that had arisen regarding whether the *Bomar* exception could be applied to cases litigated on direct appeal after *Grant*;[7] and to determine whether ineffectiveness claims could be

---

[5] The *O'Berg* decision did not address the defendant's due process claim, finding the issue to be waived. *Id.* at 597 n.2.

[6] Former Chief Justice Castille filed a concurring opinion in *O'Berg* in which he asserted that ineffectiveness claims are quintessentially collateral claims that belong only in collateral review pursuant to the PCRA. Justice, now Chief Justice, Saylor filed a dissenting opinion, joined by this author, in which he opined that *Grant*'s general deferral rule was premised upon the availability of collateral review, thus, fundamental fairness supported the recognition of an exception to the general deferral rule for those ineligible for PCRA consideration.

[7] The uncertainty arose when trial courts continued to entertain ineffectiveness claims after this Court declared in *Grant* that such claims should generally be deferred to collateral review. The result was that appellate courts were presented with ineffectiveness claims on direct appeal that did not suffer from the impracticalities discussed in *Grant* in that they had been addressed by trial courts in their opinions after supplementation of the record. Upon denial of relief on these claims on direct appeal, some defendants would then assert additional claims of ineffectiveness in collateral review proceedings under the PCRA, arbitrarily affording those defendants two separate opportunities to challenge counsel's stewardship.

considered by the trial court if accompanied by the defendant's waiver of subsequent review under the PCRA. This Court reaffirmed *Grant's* general rule of deferral to PCRA review and disapproved of expansions of the *Bomar* exception that permitted some, but not all, defendants to obtain review of ineffectiveness claims during the appellate process and then proceed to PCRA collateral proceedings for a second opportunity to present additional ineffectiveness claims. *Holmes*, 79 A.3d at 563. Accordingly, we limited the *Bomar* exception to apply to cases litigated in the trial court prior to our decision in *Grant*. *Id.*

As noted, in *Holmes*, we recognized two exceptions to the general rule deferring ineffectiveness claims to collateral review. The first exception, not invoked in this appeal, affords trial courts discretion to entertain ineffectiveness claims in extraordinary circumstances where a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice. *Id.* The second exception, relied upon by Appellant herein, gives trial courts discretion to address ineffectiveness claims on post-sentence motions and direct appeal if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. *Id.* at 564. This waiver of subsequent PCRA review eliminated the unintended consequence of some defendants obtaining two separate rounds of review of ineffective assistance of counsel claims. We emphasized that the paradigm the Court was adopting sanctioned unitary review only to the extent the review advanced and exhausted PCRA review, and not as a means to obtain an accelerated, extra round of collateral attack. *Id.*

Germane to the issue presented in this appeal, the Court in *Holmes* softened its steadfast position adopted in *O'Berg* (prohibiting a categorical short sentence exception

to *Grant's* general deferral rule) and observed that "unitary review offers defendants who receive shorter prison sentences or probationary sentences the prospect of litigating their constitutional claims sounding in trial counsel ineffectiveness; for many of these defendants, post-appeal PCRA review may prove unavailable." *Id.* at 578. Considering that the United States Supreme Court had recently emphasized "the constitutional primacy of claims involving the ineffectiveness of trial counsel," *id.* (*citing e.g.*, *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013)), the *Holmes* Court found unitary review in short sentence cases to be valuable. *Id.* Accordingly, we directed trial courts to "err on the side of favoring the vindication of constitutional rights otherwise susceptible to forfeiture," and conveyed confidence that trial courts in short sentence cases will recognize these concerns and liberally permit unitary review. *Holmes*, 79 A.3d at 578.

## IV. Analysis

While our decision in *Holmes* did not address the particular facts currently before us, *i.e.*, where the defendant is ineligible for PCRA review because he was sentenced only to pay a fine, we agree with Appellant that the reasoning in *Holmes* applies with equal force to these circumstances. Recognizing the "bedrock" importance of effective assistance of trial counsel and the derivative importance of opportunities to litigate claims of ineffectiveness, *id.*, at 583 (citing *Martinez*, 132 S.Ct. at 1317-18), the *Holmes* Court crafted an exception affording trial courts discretion to entertain challenges to trial counsel's stewardship where the defendants may not have the ability to raise such claims in collateral proceedings due to their potential ineligibility for PCRA review. Here, Appellant's ineligibility for PCRA review is more than potential; it is definitive, as he can never satisfy Subsection 9543(a)(1) because he was sentenced only to pay a fine. This PCRA ineligibility eliminates the concern addressed in *Holmes* regarding a

defendant obtaining a second opportunity to raise additional ineffectiveness claims on collateral review.

Accordingly, to ensure that defendants are afforded an opportunity to challenge trial counsel's stewardship, we adopt an additional exception to *Grant's* general deferral rule, requiring trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review. While we have cautioned lower courts against creating exceptions to *Grant's* general deferral rule, there is no impediment to this Court establishing a change in procedure where, as here, it serves the interests of justice. *See Grant*, 813 A.2d at 738 n. 14 (reserving in this Court the authority to create an exception to the general rule of deferral); *Commonwealth v. O'Berg, 880 A.2d 597, 602 (Pa. 2005)* (same); *Commonwealth v. Liston*, 977 A.2d 1089, 1094 (Pa. 2009) (same).

We reach this conclusion in recognition that *Grant's* general deferral rule was motivated in large part by an intent to enhance a defendant's ability to effectuate his constitutional right to competent representation at trial, and not to restrict that opportunity. *See Grant*, 813 A.2d at 738 (providing that deferral of ineffectiveness claims until collateral review proceedings offers a defendant "the best avenue to effect his Sixth Amendment right to counsel"). We further acknowledge that our general deferral rule was initially premised upon the assumption that the defendant would subsequently be eligible to obtain review of such claims in collateral proceedings. *See Grant*, 813 A.2d at 738 (providing that "any ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to avail himself of that opportunity"). *Id.* at 738.

Significantly, and contrary to the lower court's reasoning herein, sanctioning review of Appellant's post-sentence motions, which challenge trial counsel's

stewardship, does not afford him "collateral review" outside the confines of the PCRA. *See* Trial Court Opinion at 7 (holding that claims alleging the ineffective assistance of counsel are "collateral claims" reviewable only if the statutory requisites of the PCRA are satisfied). A claim does not become "collateral" merely because it alleges the ineffectiveness of trial counsel; rather, a claim is collateral when raised after the direct appeal process has concluded. *See Wall v. Kholi*, 562 U.S. 545, 553 (2011) (holding that "collateral review" of a judgment or claim is ordinarily understood as "a judicial reexamination of a judgement or claim in a proceeding outside of the direct appeal process"). Thus, Appellant's challenges to trial counsel's stewardship set forth in post-sentence motions are not "collateral claims" subject to the requirements of the PCRA.

The express language of the PCRA confirms this observation by acknowledging that the statute does not govern procedures applicable to a defendant's direct appeal. *See* 42 Pa.C.S. § 9542 (providing the scope of the PCRA and stating that "[t]his subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence"). Thus, the Superior Court erred by holding that Appellant's inability to satisfy Subsection 9543(a)(1) of the PCRA precluded him from obtaining review of his post-sentence claims of ineffective assistance of counsel. The statutory requisites for obtaining collateral relief pursuant to the PCRA are relevant to our determination herein only to the extent that they inform us of the consequences resulting from our adoption of a particular direct appeal procedure.

Having determined that an exception to the general deferral rule in *Grant* best serves the interests of justice when the defendant is ineligible to obtain subsequent PCRA review, we need not address Appellant's claim that due process requires such result as it is the policy of this Court to avoid deciding a matter on constitutional grounds if the issue can be decided on other grounds. *See Liston*, 977 A.2d at 1094 (citing

*Commonwealth v. Long*, 922 A.2d 892, 897 (Pa. 2007) (providing that "[i]t is the policy of this Court to avoid deciding a matter on constitutional grounds if the issue can be decided on other grounds")).[8]

Finally, as this appeal involves the examination of ineffectiveness claims presented in post-sentence motions, prior decisions governed by the PCRA that construe that statute's eligibility requirements are left undisturbed. *See, e.g., Commonwealth v. Fisher*, 703 A.2d 714 (Pa. Super. 1997) (holding that Subsection 9543(a)'s eligibility requirement of current incarceration, probation or parole precludes PCRA relief for those petitioners who were sentenced only to pay a fine). In a similar vein, we find that this Court's ruling in *Commonwealth v. Turner*, which involved a PCRA petitioner and not a defendant presenting ineffectiveness claims in post-sentence motions, has no bearing on our decision.[9]

Accordingly, for the reasons set forth herein, we vacate the judgment of the Superior Court and remand to the trial court for consideration of Appellant's post-sentence claims of ineffective assistance of counsel.

Justices Todd, Donohue, Dougherty and Mundy join the opinion.

Chief Justice Saylor files a concurring opinion in which Justice Wecht joins.

---

[8] Consistent with his dissenting opinion in *Commonwealth v. Turner*, *supra*, Chief Justice Saylor would base the Court's holding in this appeal on constitutional grounds. *See* Saylor, C.J., Concurring, at 2-3. While we appreciate Chief Justice Saylor's concern, we find it unnecessary to issue a constitutional mandate. This Court's previous holdings in *Grant* and *Holmes*, which altered the procedure for reviewing ineffectiveness claims on direct appeal, were likewise equitable determinations and not constitutional rulings.

[9] As noted, this Court in *Turner* held that the PCRA's eligibility requirement that the petitioner be "serving a sentence of imprisonment, probation or parole" did not deny the petitioner due process where she was no longer in custody and had previous opportunities to present ineffectiveness claims.