J-A13014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY EDWARD OLIVER | : | |
| | : | |
| Appellant | : | No. 1126 EDA 2018 |

Appeal from the Judgment of Sentence August 22, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011716-2011,
CP-51-CR-0011718-2011

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY SHOGAN, J.:                **FILED AUGUST 14, 2019**

Appellant, Anthony Edward Oliver, appeals *nunc pro tunc* from the judgments of sentence entered August 22, 2016, following his entry of negotiated pleas of *nolo contendere* to two counts each of burglary and conspiracy.[1]  We transfer this case to the Commonwealth Court of Pennsylvania.

On June 24, 2011, Appellant was charged with thefts of computers on June 3, 2011, and June 10, 2011, from a laboratory on the campus of the University of Pennsylvania ("University").  N.T., 8/22/16, at 29–32.  A

---

[1] 18 Pa.C.S. §§ 3502(a) and 903, respectively.  Pursuant to the negotiated plea, the Commonwealth *nol prossed* charges of trespass, theft, and receiving stolen property.  N.T., 8/22/16, at 17.

---

* Retired Senior Judge assigned to the Superior Court.

University employee used card-swipe information to grant Appellant access to the building and keys to grant him access to the lab. *Id.* at 32. On August 22, 2016,[2] Appellant pled *nolo contendere* as described above and was sentenced to two and one-half to five years of imprisonment for each offense. The sentences were imposed concurrent to each other and concurrent to any other sentence already being served. Sentencing Orders, 8/22/16.

Appellant filed a counseled untimely appeal on September 27, 2016, which we quashed on November 21, 2016. Following the filing of a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, and the appointment of counsel, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc* on March 2, 2018. Appellant filed a timely notice of appeal; both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asserts that his sentence is illegal because the Pennsylvania Department of Corrections ("DOC") caused it to run consecutively, rather than concurrently, to the sentence he was serving. Appellant's Brief at 3, 11. We note that challenges to the computation of time, as here, should be raised in an original action in the Commonwealth Court. ***Commonwealth v. Wyatt***, 115 A.3d 876, 879 (Pa. Super. 2015); ***see also Commonwealth v. Perry***, 563 A.2d 511, 512–513 (Pa. Super. 1989) (calculation of time is determined

---

[2] Between 2011 and 2016, Appellant initially sought a jury trial, entered guilty pleas on August 11, 2015, and was permitted to withdraw the pleas on October 20, 2015.

by the DOC, and any challenge to the DOC's computation must be brought in an original action in the Commonwealth Court). Here, Appellant alleges that the DOC "failed to abide by the sentencing Orders that were issued by the sentencing Judge . . . ." Appellant's Brief at 16. Accordingly, this claim must be pursued through an original action in the Commonwealth Court. *Perry*, 563 A.2d at 512.[3]

Appellant's second issue asserts instances of ineffective assistance of counsel. Absent certain circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review; . . . such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (footnote omitted); *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). There are three exceptions to the general deferral rule.

> The first exception, . . . affords trial courts discretion to entertain ineffectiveness claims in extraordinary circumstances where a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice. The second exception . . . gives trial courts discretion to address ineffectiveness claims on post-sentence motions and direct appeal if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence.

_____

[3] We are mindful that where neither party has objected to our jurisdiction of an appeal, we may exercise jurisdiction pursuant to 42 Pa.C.S. § 704(a) and Pa.R.A.P. 741(a). However, we also "retain the power and, indeed, the responsibility to determine whether retention of jurisdiction in this case is appropriate or, alternatively, whether the matter should be transferred to the Commonwealth Court." *Wilson v. School District of Philadelphia*, 600 A.2d 210, 211 (Pa. Super. 1991) (citations omitted). In the instant case, the Commonwealth has objected to our jurisdiction. Commonwealth's Brief at 5.

*Commonwealth v. Delgros*, 183 A.3d 352, 360 (Pa. 2018) (citations omitted). The third exception requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Id.* at 361. Because this is a direct appeal *nunc pro tunc* from the judgment of sentence, and none of the exceptions to *Grant* applies herein, Appellant's claims of ineffective assistance of counsel must be deferred to collateral review.

Appeal transferred to Commonwealth Court. Appellant's claims of ineffective assistance of counsel are dismissed without prejudice to raise them in a PCRA petition. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/19