J. A20015/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                  :               PENNSYLVANIA
               v.                 :
                                    :
CLAUDIO FERRER JR.,              :          No. 1561 MDA 2018
                                    :
          Appellant       :


Appeal from the Judgment of Sentence Entered May 4, 2017,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0007348-2015


BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 18, 2019**

Claudio Ferrer, Jr., appeals from the May 4, 2017 aggregate judgment

of sentence of 15 to 30 months' imprisonment imposed after a jury found him

guilty of possession with intent to deliver marijuana ("PWID"), possession of

a controlled substance (cocaine), and possession of drug paraphernalia.[1] After

careful review, we affirm.

The trial court summarized the relevant facts and procedural history of

this case as follows:

> On August 28, 2015, Officer Timothy Clymer of the
> York County Police Department initiated a traffic stop
> of [appellant's] vehicle for a suspended registration
> plate.  Officer Clymer and his partner, Officer
> Daniel Kling, detected the unmistakable aroma of
> fresh marijuana emanating from the vehicle.  A lawful
> warrantless search of the vehicle yielded two (2) tied
> and knotted clear plastic baggies containing

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

crack-cocaine, twenty-two (22) smaller zipped baggies containing marijuana, packaging materials, and a digital scale. Officer Clymer placed [appellant] under arrest after a field test of the substances returned positive results.

George Marros, Esquire [(hereinafter, "trial counsel")] represented [appellant] during trial proceedings. In advance of trial, the Commonwealth calculated [appellant's] prior record score as "3" and subsequently communicated this calculation to [trial] counsel. A jury trial was held on November 16, 2016, through November 17, 2016. During trial, the Commonwealth withdrew [the PWID cocaine charge.] At the conclusion of the trial, a jury unanimously convicted [appellant] of possession of drug paraphernalia, [PWID] marijuana, and possession of cocaine. [The trial court] ordered a pre-sentence investigation report[,] which ultimately reflected [appellant's] prior record score as "5." [Appellant] was sentenced on May 4, 2017 [to an aggregate term of 15 to 30 months' imprisonment, consecutive to a federal sentence he was serving.]

[Appellant] declined to file a post-sentence motion or take direct appeal. On August 10, 2017, [appellant] filed a timely *pro se* petition pursuant to the Post[ ]Conviction Relief Act [("PCRA"), 42 Pa.C.S.A. §§ 9541-9546,] claiming that trial counsel was ineffective for advising him incorrectly about the sentence he faced should he proceed to trial. On August 25, 2017, [the trial court] granted [appellant's] petition to proceed *in forma pauperis* and appointed John Hamme, Esquire to amend [appellant's] petition. Attorney Hamme filed an amended petition on October 11, 2017. On December 4, 2017, Attorney Hamme filed a petition to withdraw as counsel due to his employment separation from York County's conflict counsel panel and the Honorable Michael E. Bortner appointed Christopher D. Moore, Esquire the same day to represent [appellant].

. . . .

> The PCRA hearing convened on April 3, 2018. Justin Talarowski, Esquire represented the Commonwealth. [Appellant], represented by Attorney Moore, attended the hearing via teleconference. [Trial counsel] and [appellant] testified for the defense and Jared Mellot, Esquire testified on behalf of the Commonwealth. During the hearing, Attorney Moore further developed [appellant's] argument to claim that trial counsel's ineffectiveness was borne out of the trial prosecutor's indication, prior to trial, that [appellant's] prior record score was "3" and that had trial counsel properly articulated to [appellant] that his prior record score was actually "5"[, appellant] would have accepted the Commonwealth's offer to circumvent serving a lengthier sentence of imprisonment. The point of contention, however, is whether an offer was actually extended to [appellant] and if so, the nature of such offer and whether [appellant] detrimentally relied on any misinformation relative to the offer.
>
> After taking the matter under advisement, in the interest of justice, [the trial court] issued an Order on April 19, 2018, granting PCRA relief insofar as *sua sponte* reinstating [appellant's] post-sentence and direct appeal rights *nunc pro tunc* and permitting [appellant] the opportunity to file a post-sentence motion pursuant to Pa.R.Crim.P. 720(B)(1)(a). [Appellant] filed a "Post Sentence Motion/Motion for Resentencing" on April 24, 2018, essentially redirecting [the trial court] back to [appellant]'s PCRA claim. The Commonwealth filed an immediate response on April 27, 2018, moving [the trial court] to reconsider its order entered April 19, 2018. [The trial court] denied the Commonwealth's motion on May 17, 2018.

Trial court opinion, 8/30/18 at 2-6 (extraneous capitalization and footnote omitted).

Thereafter, on August 22, 2018, the trial court entered an order denying appellant's post-sentence motion. The trial court filed an opinion in support of this order on August 30, 2018, concluding that the claim appellant alleged in his post-sentence motion was premised on the ineffectiveness of his trial counsel and was "better suited for review by the PCRA court." (**Id.** at 6.) This timely appeal followed.[2]

Although appellant has failed to include a statement of questions involved in his brief, in direct violation of Pennsylvania Rules of Appellate Procedure 2111(a)(4) and 2116(a), we are able to discern the issue appellant wishes this court to review from the "Argument" section of his brief. The crux of appellant's claim is that the trial court abused its discretion in denying his post-sentence motion for resentencing because trial counsel was ineffective for incorrectly advising him of his prior record score under the sentencing guidelines. (Appellant's brief at 10-17.) Appellant contends that had trial counsel given him accurate information on his potential sentence, he would have forgone trial and accepted the plea offer allegedly offered by the Commonwealth. (**Id.** at 14-15.) Appellant avers that because "the record indicates [he] relied on incorrect advice of [trial] counsel and was prejudiced [he] should be granted a resentencing hearing for the judge to fashion as an equitable remedy." (**Id.** at 10.)

---

[2] The record reflects that appellant and the trial court have complied with Pa.R.A.P. 1925.

- 4 -

Upon review, we agree with the trial court that appellant's ineffectiveness claim is premature. Instantly, the PCRA court **sua sponte** granted appellant PCRA relief by reinstating his direct appeal rights **nunc pro tunc** after concluding that he was not properly advised of these rights at sentencing, in an attempt "to afford [him] the opportunity to address **potentially waivable issues before the trial court first** within the parameters of a Post-Sentence Motion." (PCRA court order, 4/19/18 at ¶ 1; **see also** trial court opinion, 8/30/18 at 5 n.1 (emphasis added).) The claim appellant raised in his post-sentence motion, however, is premised solely on trial counsel's alleged ineffectiveness.

In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our supreme court reaffirmed the general rule first set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, 79 A.3d at 576 (footnote omitted). Our supreme court has recognized that a defendant may only raise ineffectiveness claims in post-sentence motions and on direct appeal in very limited circumstances, none of which apply here.[3]

---

[3] In **Commonwealth v. Delgros**, 183 A.3d 352 (Pa. 2018), the court summarized the following exceptions to the general deferral rule:

> The first exception . . . affords trial courts discretion to entertain ineffectiveness claims in extraordinary

J. A20015/19

Accordingly, we agree with the trial court that appellant's ineffectiveness claim should be raised on collateral review pursuant to the PCRA.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2019

---

circumstances where a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice. The second exception . . . gives trial courts discretion to address ineffectiveness claims on post-sentence motions and direct appeal if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence.

***Id.*** at 360, citing ***Holmes***, 79 A.3d at 563-564. The third exception requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Delgros***, 183 A.3d at 361.

Here, appellant did not knowingly or expressly waive his entitlement to seek subsequent PCRA review of his conviction, and at present, the record is unclear as to the extent of the plea offer the Commonwealth allegedly made to him; whether said plea offer was more favorable than the sentence actually imposed; and whether appellant relied on trial counsel's misinformation relative to this offer, to his detriment. Additionally, appellant is not statutorily precluded from obtaining subsequent review under the PCRA.

- 6 -