J. S31033/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :         PENNSYLVANIA
            v.                   :
                                          :
JEWEL RAMA,                      :        No. 1950 MDA 2019
                                          :
                 Appellant      :

Appeal from the Judgment of Sentence Entered April 26, 2019,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0003127-2018

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:      **FILED AUGUST 25, 2020**

Jewel Rama appeals from the April 26, 2019 judgment of sentence entered by the Court of Common Pleas of Berks County following appellant's conviction of one count of sexual assault.[1]  After careful review, we affirm.

On January 16, 2019, a jury convicted appellant of one count of sexual assault.[2]  The trial court sentenced appellant to a term of 42 months to 8 years' imprisonment on April 26, 2019.  Appellant filed a timely post-sentence motion to reconsider sentence, which was denied by the trial court on November 4, 2019.  On December 3, 2019, appellant filed a timely notice of appeal.

---

[1] 18 Pa.C.S.A. § 3124.1.

[2] The jury acquitted appellant of one count of rape and two counts of indecent assault.

The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 17, 2020.

Appellant raises the following issue for our review:

> Did the trial counsel provide ineffective assistance of counsel by failing to investigate and call at trial character witnesses who were available and would have testified that appellant had an excellent reputation for being moral, truthful, peaceful, and law-abiding?

Appellant's brief at 3 (full capitalization omitted).

Our supreme court has held that, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). Our supreme court later held,

> *Grant*'s general rule of deferral to PCRA[3] review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel; we disapprove of expansions of the exception to that rule recognized in [*Commonwealth v.*] *Bomar*, [826 A.2d 831 (Pa. 2003)]; and we limit *Bomar*, a case litigated in the trial court before *Grant* was decided and a time when new counsel entering a case upon post-verdict motions was required to raise ineffectiveness claims at the first opportunity, to its pre-*Grant* facts. We recognize two exceptions, however, both falling within the discretion of the trial judge. First, we appreciate that there may be extraordinary circumstances were a discrete claim (or claims) of trial counsel ineffectiveness is apparent

---

[3] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims. []

Second . . . where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

*Commonwealth v. Stollar*, 84 A.3d 635, 652 (Pa. 2014), *cert. denied sub nom. Stollar v. Pennsylvania*, 572 U.S. 1050 (2014), quoting *Commonwealth v. Holmes*, 79 A.3d 562, 563-564 (Pa. 2013). In *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018), our supreme court recognized a third exception to the general rule set forth in *Grant*, holding that a defendant may raise an ineffective assistance of counsel claim in cases where he or she would be statutorily precluded from raising an ineffectiveness claim on collateral review.

In the instant appeal, the trial court concluded that appellant's allegations of ineffective assistance of counsel were not apparent from the record. Specifically, the trial court noted that, "[h]aving had new counsel retained, [a]ppellant could have raised this issue in his post sentence motion. At the post sentence motion [hearing], trial counsel could have been called as

a witness and a record developed." (Trial court opinion, 1/17/20 at unnumbered pages 3-4.) Moreover, the record does not indicate that appellant has knowingly and expressly waived his collateral review rights. Finally, the trial court sentenced appellant to a term of 42 months to eight years' imprisonment. Accordingly, appellant is not statutorily precluded from seeking collateral review. **See Delgros**, 183 A.3d at 361; 42 Pa.C.S.A. § 9543(a)(1)(i).

Therefore, we dismiss appellant's claim without prejudice for him to raise it on collateral review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/25/2020