J-S38024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMIRA H. RANDOLPH-ALI | : | |
| | : | |
| Appellant | : | No. 231 MDA 2020 |

Appeal from the PCRA Order Entered January 21, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003578-2016

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED NOVEMBER 12, 2020**

Samira H. Randolph-Ali appeals the denial of her Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. The court denied the petition because Randolph-Ali was no longer serving a sentence in this case. We affirm.

A jury found Randolph-Ali guilty in September 2017 of Obstruction of a Child Abuse Investigation[1] and the court sentenced her to two years of intermediate punishment, in October 2017. She appealed, and this Court affirmed. She then filed a timely PCRA petition, contending trial counsel was ineffective. The court appointed counsel and in January 2020, it dismissed the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4958(b.1).

petition because Randolph-Ali was no longer serving any sentence in this case. She timely appealed, raising two issues:

> 1. Did the trial court err in its determination that [Randolph-Ali] was ineligible for relief under the Post-Conviction [R]elief Act (PCRA) because she was no longer incarcerated, or on probation or parole?
>
> 2. Did the trial court err in not addressing [Randolph-Ali's] ineffective assistance of counsel claims and find that [Randolph-Ali's] counsel was ineffective?

Randolph-Ali's Br. at 4 (suggested answers omitted).

Our standard of review of the denial of a PCRA petition is "limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa.Super. 2019). A petitioner is eligible for PCRA relief only if, at the time the relief is to be granted, the petitioner is "serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i).

Randolph-Ali concedes that her sentence expired but maintains that she qualifies for an exception to the "currently serving" rule that she perceives in **Commonwealth v. Delgros**, 183 A.3d 352, 353 (Pa. 2018). There, a criminal defendant was sentenced to a fine, without incarceration or probation, and he raised an ineffectiveness claim on post-sentence motions. The Pennsylvania Supreme Court held that because he was ineligible for PCRA relief, he could obtain review of an ineffectiveness claim he raised in post-sentence motions, as an exception to **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002).

- 2 -

Randolph-Ali maintains that the policy reasons the Supreme Court gave in *Delgros* for creating an exception to *Grant* – "the importance of effective assistance of counsel as a constitutional right and in the interests of justice claims of ineffectiveness should be reviewed" – require us to create an exception to the "currently serving" rule. Randolph-Ali's Br. at 17.

We cannot create such an exception. The General Assembly has instructed courts that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Randolph-Ali has not contended that the relevant provision of the PCRA is vague or ambiguous, such that if we were to agree, we might turn to policy or other considerations to determine the General Assembly's intent. The Supreme Court in *Delgros* did not violate this precept, because in that case, the Court modified its own rule that it established in *Grant*. It was not interpreting a statute. Because we agree that Randolph-Ali was not eligible for PCRA relief, we do not reach her ineffectiveness arguments.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2020

- 3 -