J-S22011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD EUGENE RAKER | : | |
| | : | |
| Appellant | : | No. 274 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 10, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006711-2016

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: SEPTEMBER 17, 2021**

Richard Raker appeals from his judgment of sentence for, *inter alia*, aggravated indecent assault after being convicted of sexually assaulting a fifteen-year-old. On appeal, Raker filed a post-sentence motion raising four claims, all of them challenging trial counsel's effectiveness. The trial court addressed Raker's ineffectiveness claims despite the fact that Raker was still on direct appeal, rejected them as meritless, and denied the post-sentence motion. Raker now appeals to this Court. We conclude that the trial court improperly considered Raker's ineffectiveness claims on direct appeal, rather than deferring them to collateral appeal pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-9546, ("PCRA"). We therefore dismiss the appeal

_____

[*] Retired Senior Judge assigned to the Superior Court.

without prejudice to Raker to bring his ineffectiveness claims in a PCRA petition.

The victim accused Raker, a friend of her father's, of sexually assaulting her in his home. Raker was arrested and charged with multiple offenses in connection with the assault. After a two-day trial, the jury convicted Raker of aggravated indecent assault, indecent assault, unlawful contact with a minor and corruption of a minor. On December 10, 2020, the trial court sentenced Raker to two to four years' imprisonment for the aggravated indecent assault conviction, a consecutive term of one to two years' imprisonment for the unlawful contact conviction and a three-year period of probation, consecutive to the two prison terms, for the corruption of a minor conviction.

Raker obtained new counsel and filed a post-sentence motion for a new trial. In the motion, Raker raised four ineffective assistance of trial counsel claims. Raker acknowledged the general rule announced in *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002), that ineffectiveness claims should be raised on collateral appeal as opposed to direct appeal. However, Raker asserted that he had no issues other than ineffectiveness claims to raise on direct appeal and he should therefore be allowed to have those claims considered on direct appeal. He also attached a written waiver of his future rights under the PCRA, which read:

> After consultation with my attorney, ... I understand that if the Court addresses my ineffectiveness of counsel claims at this time, I will not have another opportunity later to raise any ineffectiveness of counsel issues through the Post Conviction

Relief Act. My decision to waive future PCRA review is made voluntarily, intelligently, and knowingly.

The Commonwealth filed a response to the post-sentence motion, arguing that it was improper for the court to consider Raker's ineffectiveness claims on direct appeal and that in any event, the ineffectiveness claims were meritless. Without holding a hearing, the trial court denied the post-sentence motion in an order docketed on February 3, 2021. Raker filed a timely notice of appeal. The trial court directed Raker to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Raker complied. In the statement, Raker raised three of the four ineffectiveness claims he had raised in his post-sentence motion.

In response, the trial court issued a Pa.R.A.P. 1925(a) opinion. The trial court acknowledged *Grant*'s rule that courts should generally wait to consider ineffectiveness claims until collateral review, but stated that it had exercised its discretion to review Raker's claims on direct appeal under one of the two exceptions to *Grant*'s general deferral rule carved out by *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). The trial court then explained that upon considering the merits of Raker's underlying ineffectiveness claims, it had found that two of the claims lacked arguable merit and that Raker had failed to show that his counsel had no reasonable basis for his actions as it related to the third claim.

On appeal, Raker argues that the trial court erred in finding his ineffectiveness claims lacked merit. However, before we can even get to the

- 3 -

merits of his claims, we must first address the threshold issue of whether the trial court properly considered Raker's ineffectiveness claims on direct appeal in the first instance. **See Commonwealth v. Burno**, 94 A.3d 956, 969-970 (Pa. 2014) (explaining that "[a]t the outset, we recognize the procedural posture of this direct appeal is such that we must initially address the trial court's entertaining of Burno's ineffective assistance of counsel's claims on post-sentence motions").

In **Holmes,** our Supreme Court reaffirmed its holding in **Grant** that ineffectiveness claims should generally be deferred until collateral review. **See Holmes**, 79 A.3d at 563, 576. The **Holmes** Court, however, recognized two exceptions to that general rule. Namely, **Holmes** held that a trial court could exercise its discretion to entertain ineffectiveness claims on post-sentence motions and on direct appeal when 1) the claim of ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration serves the interest of justice or 2) there is good cause shown and the defendant has given a knowing and express waiver of his right to seek subsequent PCRA review. **See id**. at 563-564.[1]

---

[1] The Supreme Court later created a third exception to **Grant**'s general rule in **Commonwealth v. Delgros**, 183 A.3d 352 (Pa. 2018), for those situations where a defendant is statutorily precluded from obtaining subsequent review under the PCRA. This exception is not applicable in this case.

Here, the trial court agreed with Raker that review of his ineffectiveness claims was appropriate under the second exception announced in **Holmes**. To that end, the court stated:

> [Raker] asserts that he has no claims for direct appeal and that his only claims for relief in this matter are ineffective assistance of counsel issues. This Court found it appropriate to address [Raker's] post-sentence motion as he lacks direct appeal issues. Additionally, [Raker] included a waiver of his PCRA rights within his post-sentence motion.

Trial Court Opinion, 4/26/21, at 5 (citations omitted).

While it is true that Raker did include a written waiver of his PCRA rights along with his post-sentence motion, we cannot say that the waiver is sufficient under the clear directives of the **Holmes** Court. In discussing the good cause/waiver exception to **Grant's** general deferral rule, the **Holmes** Court specifically stated that a trial court should only exercise its discretion to consider ineffectiveness claims on direct appeal under this exception "upon good cause shown *and after a full PCRA waiver colloquy.*" **Holmes**, 79 A.3d at 580 (emphasis added). Neither the trial court nor Raker asserts that any such colloquy took place here, and no such colloquy is reflected in the certified record. We conclude that the trial court erred by considering Raker's ineffectiveness claims on direct appeal under the good cause/waiver exception on this basis alone.

The **Holmes** Court also explained, however, that before a defendant is allowed to waive his future PCRA rights he should be informed not only that he is forgoing his first PCRA petition, but that any further collateral attack will

be subject to the time-bar restrictions of the PCRA. ***See id***. at 579; ***see also id***. at 564 (stating that a defendant's knowing and express waiver of his PCRA rights must include "an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA"). The Court continued:

> There are other considerations attending unitary review that a trial court and counsel should be mindful of, and that must be conveyed to the defendant before he would waive PCRA review in order to secure unitary review. First, it is one thing for new counsel on post-verdict review to read a cold record, notice some colorable but defaulted claims, and decide to pursue claims of trial counsel ineffectiveness. But, PCRA review is designed to embrace all cognizable claims deemed worth pursuing, in counsel's judgment. Thus, counsel must be cognizant that the PCRA embraces ineffectiveness claims other than record-based ones, which may require further investigation and research, and the PCRA embraces claims other than ineffectiveness, which likewise may require development. Unitary review should not be pursued where it may compromise the fullness of the defendant's options for collateral attack represented by the PCRA, absent an appropriate waiver.

***Id***. at 579-80.

The terse and vague written waiver attached to Raker's post-sentence motion does not in any way demonstrate that Raker was informed of any of these considerations. Based on all of these circumstances, we are constrained to find that the trial court abused its discretion in determining that the just cause/waiver exception to ***Grant***'s general deferral rule was applicable here. The waiver of PCRA rights attached to Raker's post-sentence motion was not adequate under the express terms of ***Holmes***, in that no colloquy was given

and there is no evidence that Raker was informed of the considerations the *Holmes* court directed should be included in that colloquy.

We therefore find that the trial court erred by considering Raker's ineffectiveness claims on direct appeal, rather than deferring them to collateral review. Accordingly, we dismiss this appeal without prejudice to Raker's right to pursue his ineffectiveness claims under the PCRA. *See Burno*, 94 A.3d at 978 (concluding that the proper remedy when the trial court abused its discretion in considering the defendant's ineffectiveness claims presented in a post-sentence motion on direct appeal was to dismiss those claims without prejudice to the defendant to bring them under the PCRA).

Appeal Dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/17/2021</u>