J-A20035-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD STEPHEN DELGROS | : | |
| | : | |
| Appellant | : | No. 1822 WDA 2019 |

Appeal from the Order Entered November 15, 2019
in the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001496-2014

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED NOVEMBER 30, 2020

Edward Stephen Delgros ("Delgros") appeals from the judgment of
sentence imposed following his conviction of receiving stolen property.[1] We
affirm.

Our Supreme Court previously summarized the factual history of this
case as follows:

[I]n June of 2001, [Delgros] hired Robert Croyle [("Croyle")]
to install a double-wide mobile home on his property. Croyle
purchased two I-beams, described as being lightweight
magnesium and more than twenty feet long, for $1,400.00 each[,]
and employed them to move the double-wide into position. Croyle
left the I-beams and other materials on [Delgros]'s property,
intending to pick them up at a later time. When Croyle returned,
his materials were not at the site, and [Delgros] denied knowledge
of their whereabouts. Croyle reported the I-beams missing to the
Hermitage Police Department. [] Deputy Chief Eric Jewel
[("Deputy Chief Jewel")] questioned [Delgros] about the I-

_____

[1] 18 Pa.C.S.A. § 3925(a).

beams[. Delgros] reiterated that he did not know where they had gone. With [Delgros]'s authorization, Deputy Chief Jewel searched the premises to no avail.

Several months later, [Delgros] told his father that he had Croyle's I-beams and asked for his father's assistance in hiding the[ I-beams] in the woods. Five to seven years thereafter, [Delgros] and his father used the I-beams to build a porch on [Delgros]'s house. In April of 2014, Hermitage police received a report that the I-beams were on [Delgros]'s property. [Delgros]'s father subsequently told Deputy Chief Jewel that [Delgros] had used Croyle's I-beams in the construction of his porch.

Deputy Chief Jewel went to [Delgros]'s residence and saw the I-beams supporting the porch roof in plain view. After obtaining a warrant, photographs and samples of the I-beams were taken, which indicated that the beams were made of aluminum. When Croyle was asked about his prior claim that the missing beams were made of magnesium, he explained that he thought the beams were magnesium, but that they could have been aluminum. Based on holes present in the I-beams[;] however, Croyle identified the I-beams photographed in [Delgros]'s porch as being those that went missing years earlier.

Commonwealth v. Delgros, 183 A.3d 352, 353-54 (Pa. 2018).

Following a jury trial, Delgros was convicted of the above-mentioned offense. The trial court deferred sentencing and ordered a pre-sentence investigation report. On June 23, 2015, the trial court sentenced Delgros to pay costs, restitution in the amount of $2,800.00, and a fine of $15,000.00.

On July 1, 2015, Delgros filed a Post-Sentence Motion. In his Motion, Delgros argued, inter alia, that his trial counsel rendered ineffective assistance of counsel. After oral argument, the trial court denied Delgros's request for an evidentiary hearing on his claims of ineffective assistance of counsel, because those claims were not raised in a petition for relief under the Post

Conviction Relief Act ("PCRA").[2] On December 13, 2016, this Court affirmed Delgros's judgment of sentence. See Commonwealth v. Delgros, 159 A.3d 1003 (Pa. Super. 2016) (unpublished memorandum).

The Supreme Court granted allowance of appeal to address whether "[Delgros], who is ineligible for collateral review under the [PCRA] because he was sentenced only to pay a fine, is entitled to review of ineffective assistance of counsel claims presented in post-sentence motions." Delgros, 183 A.3d at 356. The Supreme Court held that trial courts are required to examine ineffectiveness claims when the defendant is statutorily precluded from PCRA review. See id. at 353. The Supreme Court reversed this Court and remanded the instant case to the trial court. Id.

Subsequently, on February 27, 2019, the trial court granted Delgros leave to file a new post-sentence motion, nunc pro tunc. On April 25, 2019, Delgros filed a Motion requesting a 60-day extension in order to file his post-sentence motion. The trial court granted Delgros's Motion.

On June 25, 2019, Delgros filed his Post-Sentence Motion, alleging that his trial counsel rendered ineffective assistance of counsel for his failures to: (1) investigate and introduce evidence of Croyle's five prior convictions of crimen falsi; (2) impeach Croyle with his five prior convictions of crimen falsi; (3) object to hearsay testimony provided by Delgros's family; and (4) request

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

jury instructions related the previous claims. Additionally, Delgros asserted that the victim impact statement provided by Croyle constituted after-discovered evidence. On October 2, 2019, following a status conference on Delgros's Post-Sentence Motion, the parties stipulated that Croyle had five crimen falsi convictions against him. On October 8, 2019, Delgros filed a Motion for an Extension of Time pursuant to Pa.R.Crim.P. 720(B)(3)(b), which the trial court granted on October 9, 2019.

On October 30, 2019, the trial court entered an Order memorializing the parties' stipulation that Delgros's trial counsel was unaware of Croyle's crimen falsi convictions and, thus, those convictions were not introduced at trial. Additionally, the trial court ordered both parties to submit briefs concerning Delgros's Post-Sentence Motion. In his Post-Sentence Motion Memorandum of Law, Delgros raised, for the first time, a claim that the Commonwealth had suppressed Croyle's five convictions of crimen falsi in violation of Brady.[3, 4] On November 15, 2019, the trial court denied Delgros's Post-Sentence Motion.

_____

[3] See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that the prosecution must disclose evidence favorable to the accused that is material either to guilt or punishment).

[4] We observe that Delgros did not include this claim in his Post-Sentence Motion. However, as discussed infra, the trial court, in its Opinion, was able to aptly address Delgros's Brady claim. See Trial Court Opinion, 2/5/20, at 8-9. Accordingly, we decline to deem this issue waived.

On November 25, 2019, Delgros filed a Motion for Reconsideration of his Post-Sentence Motion.

On December 13, 2019, before the trial court ruled on the Motion for Reconsideration, Delgros filed a timely Notice of Appeal and court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.[5]

Delgros now raises the following claims for our review:

1. Did the trial court err in fail[]ing to grant a new trial based on a[] serious Brady violation?

_____

[5] We observe that Delgros's Motion for Reconsideration of his Post-Sentence Motion was still pending at the time he filed his Notice of Appeal. The Comment to Rule 720 (relating to timeliness of post-sentence motions) states the following:

> If the trial judge decides the motion within the time limits of this rule, the judge may grant reconsideration on the post-sentence motion pursuant to 42 Pa.C.S.[A.] § 5505 or Pa.R.A.P. 1701.1, but the judge may not vacate the sentence pending reconsideration. Rule 720(B)(3). The reconsideration period may not be used to extend the timing requirements set forth in paragraph (B)(3) for decision on the post-sentence motion: the time limits imposed by paragraphs (B)(3)(a) and (B)(3)(b) continue to run from the date the post-sentence motion was originally filed. The trial judge's reconsideration must therefore be resolved within the 120-day decision period of paragraph (B)(3)(a) or the 30-day extension period of paragraph (B)(3)(b), whichever applies. If a decision on the reconsideration is not reached within the appropriate period, the post-sentence motion, including any issues raised for reconsideration, will be denied pursuant to paragraph (B)(3)(c).

Pa.R.Crim.P.. 720, cmt. (emphasis added). Here, the trial court denied Delgros's Post-Sentence Motion on November 15, 2019. Accordingly, Delgros's Notice of Appeal, filed on December 13, 2019, is timely, and we will address the merits of his claims. See id.

2. Was trial counsel ineffective for failing to investigate and introduce evidence that the alleged victim [Croyle] had five prior crimen falsi convictions?

Brief for Appellant at 8 (some capitalization omitted).

In his first claim, Delgros argues that the trial court erred when it denied his Post-Sentence Motion requesting a new trial based upon the alleged Brady violation. Brief for Appellant at 12. Delgros asserts that the Commonwealth withheld and suppressed evidence of Croyle's five prior crimen falsi convictions. Id. at 12-15. Delgros acknowledges that Croyle's convictions are of public record, but contends that the Commonwealth had an affirmative duty to provide any material and exculpatory evidence. Id. at 13-15. Delgros claims that convictions of crimen falsi go to the credibility of the witness and, thus, the Commonwealth is required to disclose such evidence. Id. at 16-17. Additionally, Delgros contends that he was prejudiced by the suppression of Croyle's convictions because Delgros was unable to adequately cross-examine Croyle. Id. at 18-19.

Our Supreme Court has explained that

in order to establish a Brady violation, a defendant must show that: (1) the evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material in that its omission resulted in prejudice to the defendant. However, the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense. Rather, evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A

> reasonable probability is a probability sufficient to undermine confident in the outcome.

Commonwealth v. Williams, 168 A.3d 97, 109 (Pa. 2017) (citations, quotation marks, and brackets omitted). Further, "[t]o obtain a new trial based on the Commonwealth's failure to disclose evidence affecting a witness's credibility, the defendant must demonstrate that the reliability of the witness may be determinative of the defendant's guilt or innocence." Commonwealth v. Tharp, 101 A.3d 736, 747 (Pa. 2014).

In its Opinion, the trial court concluded that "[Delgros] has failed to meet [his] burden o[f] proving, by reference to the record, that evidence was withheld or suppressed by the prosecution." Trial Court Opinion, 2/5/20, at 9. Additionally, Delgros concedes that Croyle's convictions were matters of public record. See Brief for Appellant at 13-15.

Our review of the record confirms that Croyle's convictions are matters of public record and, thus, were equally available to both Delgros and the Commonwealth. See Williams, supra; see also Commonwealth v. Spotz, 896 A.2d 1191, 1248 (Pa. 2006) (stating that "no Brady violation occurs where parties had equal access to information or if the defendant knew or could have known such evidence existed with reasonable diligence") (citation omitted); Commonwealth v. Wilson, 147 A.3d 7, 14 (Pa. Super. 2016) (stating that "information contained in a witness'[s] criminal record is not within the Commonwealth's exclusive control and, thus, not Brady material."). Accordingly, we cannot grant Delgros relief on this claim.

In his second claim, Delgros argues that his trial counsel's failure to investigate, and introduce evidence of, Croyle's five prior crimen falsi convictions constituted ineffective assistance of counsel. Brief for Appellant at 21. Delgros asserts that Croyle had five crimen falsi convictions and that his trial counsel stipulated that "he was unaware of the [crimen falsi] offenses." Id. at 23. Delgros claims that multiple convictions of crimen falsi are "obviously important evidence" and that "there is no apparent strategic reason that might explain or excuse [his trial] counsel's mistake." Id. at 22-23. Delgros contends that, if his trial counsel had impeached Croyle with the five convictions of crimen falsi, the outcome of his trial would have been different because the convictions demonstrate that Croyle is dishonest. Id. at 25. Further, Delgros argues "that if the jury disbelieved the testimony of [Croyle,] the outcome of the trial may have been different." Id.

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010). To prevail on a claim of ineffective assistance of counsel, an appellant must establish the following three factors: "first [that] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [a]ppellant was prejudiced." Commonwealth v. Charleston, 94 A.3d 1012, 1020 (Pa. Super. 2014) (citation omitted). "Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim."

Commonwealth v. Holt, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations and quotation marks omitted).

In order to demonstrate prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Commonwealth v. King, 57 A.3d 607, 613 (Pa. 2012). "[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceedings." Commonwealth v. Ali, 10 A.3d 282, 291 (Pa. 2010).

In its Opinion, the trial court concluded that Delgros had not demonstrated prejudice resulting from trial counsel's alleged ineffectiveness, and addressed Delgros's claim as follows:

> [Croyle] merely testified that he left I-beams, axles, and wheels at [Delgros]'s property[,] which were missing when [] Croyle subsequently returned to retrieve them. [Delgros] told [] Croyle [that] he did not know what happened to [Croyle's] property. [] Croyle reported the missing items to the Hermitage Police Department. This [incident] occurred in 2001. [] Croyle [ga]ve a description of the missing I-beams. [Croyle] initially described them as being made of magnesium[,] and he told police that one beam was 24 feet long and the other was 22 feet long. Importantly, [] Croyle did not provide evidence establishing that [Delgros] was responsible for the items going missing.
>
> [Several] years after [] Croyle's report, [Delgros]'s brother-in-law[,] Joby Hackett [("Hackett")], told police that he had seen I-beams on [Delgros]'s property when [Hackett] had been hunting thereon. [Delgros]'s father, Joseph Delgros [("Father")], provided the most important testimony offered during the trial[,] when he testified that [Delgros] showed [Father] the I-beams on [Delgros]'s property and [Delgros] told [Father] that the I-beams came from [Croyle]. [Father] also admitted that he hauled the I-beams to [Delgros]'s mobile home where [Delgros] used them in the construction of a patio.

Based on tips from [Delgros]'s family, [Deputy Chief Jewel] went to [Delgros]'s home and observed the I-beams. After obtaining a search warrant, [Deputy Chief Jewel] measured the beams; one beam was 24 feet[,] 6 inches and the other was 24 feet[,] 3 inches. [Deputy Chief Jewel] also took samples of the beams and sent them to a lab for testing. The beams were aluminum and not magnesium.

The above facts show that the evidence which established [Delgros]'s guilt came from his family members and not [Croyle]. Also, [Croyle]'s initial description of the beams was not consistent with the actual beams in multiple ways, so it is not as though his testimony was entirely favorable to the Commonwealth. For these reasons, the [trial c]ourt denies [Delgros]'s [claim].

Trial Court Opinion, 2/5/20, at 7-8.

We agree with and adopt the reasoning of the trial court, which is supported by the evidence of record. See id.; see also Holt, supra. Because Delgros failed to establish prejudice, we cannot grant relief on this claim.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2020