J-S37008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     :             PENNSYLVANIA
                                                       :
                  v.                                   :
                                                       :
                                                       :
JOHN HART                                    :
                                                       :
                 Appellant               :     No. 2209 EDA 2019

Appeal from the PCRA Order Entered July 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004175-2012

BEFORE: SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:             Filed: December 30, 2020

Appellant, John Hart, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On November 16, 2011, Appellant was arrested and charged with Identity Theft, Disruption of Service, Possession of Instruments of Crime, Harassment, Unlawful use of a Computer[,] and Stalking. On November 12, 2015, a jury found Appellant guilty of Harassment and Stalking.[1] On May 26, 2016[,] Appellant was sentenced to a term of state incarceration[2] followed by two (2) years probation. Post-Sentence Motions were denied on September 20, 2016 followed by a timely Notice of

---

[1] 18 Pa.C.S. §§ 2709(a)(4) and 2709.1(a)(1).

[2] The term of incarceration was two and one-half years to five years. Sentencing Order, 5/26/16, at 1.

Appeal. The Superior Court of Pennsylvania [affirmed Appellant's judgment of sentence on May 22, 2018].

On September 3, 2018[,] Appellant filed a counselled petition pursuant to the [PCRA], raising two hundred and fifty-one (251) points toward his PCRA claims along with a request for Evidentiary Hearing and/or new trial. Appellant also requested an expedited hearing as his sentence was to expire on November 11, 2018. The expedited hearing request was denied on September 18, 2018. At that time the matter was continued for the Commonwealth's response to the PCRA Petition with a status date of December 18, 2018. Ultimately, on July 30, 2019, the [c]ourt issued an order dismissing the PCRA without a hearing. This timely appeal followed on July 31, 2019.

PCRA Court Opinion, 12/4/19, at 1-2. Appellant and the PCRA court complied

with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for our review:

I. Whether the trial court erred in ruling that it did not have jurisdiction to entertain the PCRA Petition and in denying Mr. Hart's request for an expedited hearing where Mr. Hart's probation was two months from its termination date when Mr. Hart filed the PCRA Petition.

II. Whether the trial court erred in denying the PCRA Petition where trial counsel was ineffective in failing to object and move for a cautionary instruction or mistrial when Mr. Hart's parole agent provided quasi-expert testimony on speech patterns based solely on his undergraduate degree in Communications from Pennsylvania State University.

III. Whether the trial court erred in denying the PCRA Petition where trial counsel was ineffective in failing to obtain a voice expert sufficiently in advance of trial and appellate counsel was ineffective in failing to appeal the trial court's ruling precluding the use of a voice expert.

IV. Whether the trial court erred in denying the PCRA Petition where appellate counsel was ineffective in failing to appeal the denial of Mr. Hart's Motion to Dismiss Pursuant to Pa.R.Crim.P. 600.

- 2 -

V. Whether the trial court erred in denying the PCRA Petition where appellate counsel was ineffective in failing to appeal Mr. Hart's motion to dismiss for a violation of his constitutional right to a speedy trial.

VI. Whether the trial court erred in denying the PCRA Petition where trial counsel was ineffective in failing to object to the admission of incomplete text messages which cast Mr. Hart in an unfair negative light on the basis of the rule of completeness.

VII. Whether the trial court erred in denying the PCRA Petition where appellate counsel was ineffective in failing to appeal the denial of Mr. Hart's motion to suppress.

VIII. Whether the trial court erred in denying the PCRA Petition where appellate counsel was ineffective in failing to appeal the denial of Mr. Hart's collateral estoppel motion.

IX. Whether the trial court erred in denying the PCRA Petition where trial counsel was ineffective in failing to object to testimony relating to IP addresses on the basis that such testimony was inadmissible hearsay and inappropriate expert testimony, a[n]d in the alternative, whether appellate counsel was ineffective in failing to raise this issue on appeal.

Appellant's Brief at 4-6.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the PCRA court determined that Appellant was ineligible for PCRA relief because he is no longer serving a sentence of imprisonment, probation, or parole for his crimes. PCRA Court Opinion, 12/4/19, at 3-5. We agree.

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain

- 3 -

collateral relief." 42 Pa.C.S. § 9542. In order to be eligible for relief under the Act, a petitioner must, initially, plead and prove by a preponderance of the evidence:

> That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii) awaiting execution of a sentence of death for the crime;
>
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence; or
>
> (iv) has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).

42 Pa.C.S. § 9543(a)(1)(i)-(iv).

> Our [S]upreme [C]ourt has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.[ ] § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. In addition, this [C]ourt determined in **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence.

**Commonwealth v. Hart**, 911 A.2d 939, 941-942 (Pa. Super. 2006) (some citations omitted).

Here, the PCRA court concluded Appellant was unable to meet the eligibility requirements in Subsection 9543(a)(1) because he has served his sentence in full. PCRA Court Opinion, 12/4/19, at 3-5. While Appellant does

- 4 -

not dispute that he has served his sentence, he argues that "the trial court should have addressed the Petition on the merits in an expedited fashion due to the fact that [his] sentence was due to expire in a little more than two months" from the time of his filing the PCRA petition.  Appellant's Brief at 17.  Furthermore, Appellant argues that the PCRA court:

> should have found jurisdiction under *Commonwealth v. Delgros* because [Appellant] did not have the opportunity to raise ineffective assistance of counsel prior to the expiration of his sentence.  [Commonwealth v. Delgros,] 183 A.3d 352 (Pa. 2018) (finding new exception to PCRA jurisdiction requirements for defendants sentenced to fines and/or no further penalty).

Appellant's Brief at 17.

> In addressing Appellant's claims, the PCRA court explained:

> This [c]ourt initially addressed Appellant's claims that error was committed "in denying the PCRA Petition because the [c]ourt should have found that [Appellant] could obtain relief under the [PCRA] even after the expiration of his probation because he had no other opportunity to seek relief through no fault of his own;" and that he should have been afforded an expedited hearing. Appellant's PCRA Petition was filed on September 3, 2018, with his state probationary sentence to expire on November 6, 2018. Error was not committed.[2]

> > [2] While the [c]ourt's Notice of Intent to dismiss erroneously stated that PCRA Dismissal was to be based on meritless claims, it is clear that Appellant knew  and the [c]ourt did in fact dismiss because of the jurisdiction issue relating to the expiration of Appellant's sentence.

> 42 Pa.C.S.A. § 9543. (a)(1) (i) Eligibility for Relief under the PCRA provides:

> (a) General rule.—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

> (1) That the petitioner has been convicted of a crime under the law of this Commonwealth and is at the time relief is granted:
>
>> (i) currently serving a sentence of imprisonment, probation or parole for the crime.
>
> This jurisdictional requirement has been consistently upheld by [t]he [a]ppellate [c]ourts of the Commonwealth of Pennsylvania. [Commonwealth v. Plunkett, 151 A.3d 1108, 1109-1110 (Pa. Super. 2016).] Appellant, can[]not escape the plain language of the statute even though his Petition was filed roughly two and one half (2 1/2) months prior to the expiration of his sentence. Appellant points to no authority and/or rationale for an expedited disposition of the PCRA other than his impending expiration of probation.
>
> There were no circumstances under which Appellant's PCRA [petition] could have been resolved in the short period of time between filing and the sentence expiration. At the outset, it was unrealistic for Appellant to suggest that his matter take precedence over other PCRA litigants, who through the normal progression of the PCRA time frame, await disposition. Moreover, the Commonwealth was entitled [to] an opportunity to review and respond to the over two hundred and fifty points raised towards Appellant's claims of ineffectiveness and court err[or]. Thereafter, the [c]ourt would need ample time, consistent with its trial schedule and other PCRA matters, to give careful consideration to Appellant's numerous claims and the Commonwealth's response. If the [c]ourt's review warranted an evidentiary hearing, time would have to be allocated to schedule, conduct and decide such a hearing. Should Appellant not have been satisfied with any decisions of this [c]ourt, the [a]ppellate process may have been initiated. None of the stages involved in the PCRA review, including an appeal, would have been concluded within the short time frame prior to the expiration of Appellant's sentence.
>
> An expedited hearing was [] not warranted. This [c]ourt was neither obligated nor required to grant an expedited PCRA Hearing. Moreover, Appellant failed to proffer any requirements for such a hearing. Also, an expedited hearing would have been futile in Appellant's effort to circumvent the statutorily mandated jurisdictional deadline.

PCRA Court Opinion, 12/4/19, at 3-5.

We agree with the PCRA court's conclusion. There is no requirement that a PCRA court provide an expedited hearing when a PCRA petition is filed close to the end of a petitioner's sentence. Indeed, Appellant fails to cite to any precedent supporting this claim.

Moreover, Appellant is not entitled to relief under the holding in **Delgros**. In **Delgros**, our Supreme Court "granted allowance of appeal to determine whether a defendant, who is ineligible for statutory collateral review because he was sentenced to pay a fine without incarceration or probation, may obtain review of ineffective assistance of counsel claims presented in post-sentence motions filed in the trial court." **Delgros**, 183 A.3d at 353. In that case, the appellant was charged with a third degree felony for receiving stolen property. **Id.** at 354. Following a jury trial, the appellant was convicted of this offense and sentenced to pay restitution and a fine. **Id.** The appellant obtained new counsel and filed post-sentence motions seeking a new trial and/or arrest of judgment, raising, *inter alia*, the issue of ineffective assistance of counsel. **Id.**

With regard to the claims of ineffectiveness of counsel, the trial court concluded that the appellant was not entitled to relief because the assertions of ineffectiveness constituted collateral claims that could only be raised pursuant to the PCRA. **Delgros**, 183 A.3d at 354. The court reasoned that Subsection 9543(a)'s eligibility requirement of current incarceration,

probation, or parole, precluded PCRA relief for those petitioners sentenced only to pay a fine. *Id.* at 355.

On appeal to Superior Court, the appellant contended, *inter alia*, that the trial court erred by declining to entertain his ineffective assistance of counsel claims. *Delgros*, 183 A.3d at 355. The appellant argued that while this Court in **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002), set forth a general rule deferring ineffective assistance of counsel claims to collateral review under the PCRA, the Supreme Court created exceptions to that rule permitting ineffectiveness claims to be presented in post-sentence motions and on direct appeal under limited circumstances. *Delgros*, 183 A.3d at 355. He further maintained that absent the opportunity to challenge his trial counsel's stewardship in post-sentence motions, he would be denied the opportunity to litigate his Sixth-Amendment right to competent representation at trial, thereby depriving him of due process. *Id.* The Superior Court affirmed the appellant's judgment of sentence, rejecting, *inter alia*, his contention that the trial court erred by refusing to entertain his ineffectiveness claims. *Id.* at 355-356.

As noted, the Supreme Court granted *allocatur* to address whether the appellant, who was ineligible for collateral review under the PCRA because he was sentenced only to pay a fine, was entitled to review of ineffective assistance of counsel claims presented in post-sentence motions. *Delgros*, 183 A.3d at 356. In addressing this issue, the Supreme Court held, "[T]o

ensure that defendants are afforded an opportunity to challenge trial counsel's stewardship, we adopt an additional exception to *Grant's* general deferral rule, requiring trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Delgros*, 183 A.3d at 361.

Accordingly, the holding in *Delgros* is inapplicable to the case before us. Unlike the appellant in *Delgros*, Appellant herein was sentenced to incarceration and probation; thus, he was not statutorily precluded from obtaining subsequent PCRA review. Moreover, the holding in *Delgros* is limited to cases in which claims of ineffectiveness are raised in post-sentence motions on direct appeal. *Delgros*, 183 A.3d at 362-363. Additionally, the Supreme Court stated:

> [W]e find that this Court's ruling in *Commonwealth v. Turner*, which involved a PCRA petitioner and not a defendant presenting ineffectiveness claims in post-sentence motions, has no bearing on our decision.[9]
>
> > [9] As noted, this Court in [*Commonwealth v. Turner*, 80 A.3d 754 (Pa. 2013)] held that the PCRA's eligibility requirement that the petitioner be "serving a sentence of imprisonment, probation or parole" did not deny the petitioner due process where she was no longer in custody and had previous opportunities to present ineffectiveness claims.

*Delgros*, 183 A.3d at 363. Here, Appellant raised these ineffectiveness claims in a PCRA petition. Appellant's reliance on the holding in *Delgros* is misplaced. Thus, Appellant is not entitled to relief because he has failed to meet the eligibility requirements under Subsection 9543(a) of the PCRA.

Order affirmed.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/20

_____

[3]   Although in its notice of intent to dismiss, the PCRA court indicated that Appellant's PCRA petition was being dismissed because "the issues raised in the [PCRA] Petition are without merit," we can affirm the PCRA court's order on any basis. ***See Commonwealth v. Williams***, 35 A.3d 44, 47 (Pa. Super. 2011) (This Court may affirm a PCRA court's decision "if there is any basis to support it, even if we rely on different grounds to affirm."). We further note the PCRA court's conclusion in its Pa.R.A.P. 1925(a) opinion that the PCRA petition was dismissed for lack of eligibility due to the expiration of Appellant's sentence. PCRA Court Opinion, 12/4/19, at 3 n.2.