J-S52033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SRECKO PESIKAN | : | |
| | : | |
| Appellant | : | No. 506 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 2, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001911-2019

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED:  JANUARY 25, 2021**

Appellant Srecko Peskian appeals from the Judgment of sentence entered in the Court of Common Pleas of Bucks County on October 2, 2019.[1] We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Judgment of sentence was imposed in this matter on October 2, 2019, and on October 7, 2019, Appellant filed a post-sentence motion. In his notice of Appeal filed on December 19, 2019, Appellant purports to appeal from an order entered on November 21, 2019; however the docket entry for that date initially did not reflect an order but rather indicated "Hearing Held-Reconsideration of Sentence."  The docket entry for November 21, 2019, was later updated to state "Hearing Held- Reconsideration of Sentence Denied." The trial court then entered an Order on March 12, 2020, denying Appellant's post-sentence motion.  Thus, Appellant erroneously has stated this appeal is from the November 21, 2019, "Hearing Held-Reconsideration of Sentence." "In a criminal action, appeal properly lies from judgment of sentence made final by the denial of post-sentence motions."  ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*) (citation omitted), *appeal denied,* 800 A.2d 932 (Pa. 2002). However, Pa.R.A.P. 905(a)(5) provides that "[a] notice of appeal filed after the announcement of

On August 17, 2018, Appellant was arrested and charged with possession of a controlled substance by an inmate and possession of a controlled substance.[2]   These charges stemmed from his possession of Suboxone while he was an inmate at the Bucks County Correctional Facility.[3]

On October 2, 2019, Appellant entered a negotiated guilty plea to the aforementioned charges.  During the plea, Appellant, who is not a United States citizen and is an immigrant from Bosnia, was questioned regarding his immigration status.  N.T., 10/2/19, at 21-22.  As part of the negotiated plea, the Commonwealth agreed to cap the case at eighteen (18) to thirty-six (36) months in a state correctional facility.  *Id*. at 11.  Counsel for Appellant urged the trial court to consider a sentence below that to "give [Appellant] a chance to stay in this country. . . ." *Id*. at 50.  After considering Appellant's criminal history, difficult upbringing and problems with substance abuse, the trial court ultimately sentenced Appellant in the "very low end of the standard range" to fifteen (15) to thirty-six (36) months in prison.  *Id*. at 54-56.

On October 7, 2019, Appellant filed a timely motion for reconsideration of his sentence.  Significantly, he did not file any additional post-sentence

_____

a determination but before the entry of an appealable order shall be treated as filed after such entry an on the day thereof."  Thus, Appellant's appeal properly lies from the Judgment of Sentence entered on October 2, 2019, which was made final by the March 12, 2020, Order denying his post-sentence motion.  We have amended the caption accordingly.

[2] 18 Pa.C.S.A. §§ 5123(a.2); 35 P.S. § 780-113(a)(13).

[3] We note with displeasure Appellant's criminal history dates back to an adjudication of delinquency in 2003.

motions. Following a hearing on November 21, 2019, the trial court denied Appellant's motion.

Appellant filed a notice of appeal on December 18, 2019, and he and the trial court have complied with Pa.R.A.P. 1925.

In his brief, Appellant presents the following issues for this Court's review:

> A.    Whether Appellant's guilty plea was knowing, voluntary and intelligent where he was not aware of the specific nature of the immigration consequences of entering such plea?
>
> B.    Whether Appellant's trial counsel's ineffectiveness resulted in an involuntary guilty plea where counsel failed to adequately inform [A]ppellant about the immigration consequences of entering the guilty plea.

Brief for Appellant at 4.

It is well-established that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea). ***See also*** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence).

Although Appellant filed a timely post-sentence motion for the reconsideration of his sentence, he did not seek therein to withdraw his guilty plea on the basis that the plea had been invalid because he was not aware of the immigration consequences thereof. Moreover, Appellant did not make such an allegation at any time either orally on the record during the plea colloquy or during the sentencing that followed immediately thereafter. Instead, he averred this basis for relief for the first time in his Concise Statement of Matters Complained of on Appeal. Therefore, this issue on appeal is waived. *See id.*; *Lincoln, supra.* *See also* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Beemac Trucking, LLC v. CNG Concepts, LLC*, 134 A.3d 1055, 1058 (Pa.Super. 2016) ("[a]n issue raised for the first time in a concise statement is waived").

Appellant next avers his guilty plea was involuntary due to plea counsel's ineffectiveness. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed the general principle set forth in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) that ineffective assistance of counsel claims must be deferred to collateral review. Even in cases where *nunc pro tunc* relief is granted, this court has stated that ineffective assistance of counsel claims may be raised by filing another PCRA petition following the disposition of the *nunc pro tunc* direct appeal.

- 4 -

*Commonwealth v. Fransen*, 986 A.2d 154, 158 (Pa.Super. 2009), *citing*

*Commonwealth v. Liston*, 977 A.2d 1089, 1094 (Pa. 2009).

Notwithstanding this general rule, the Supreme Court has created limited exceptions which fall within the trial court's discretion. The ***Holmes*** Court summarized two exceptions as follows:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
> ....
> Second, with respect to other cases and claims, including cases such as ***[Commonwealth v.] Bomar*** [, 826 A.2d 831 (Pa. 2003)] and the matter *sub judice,* where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called ***Bomar*** exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right..... This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

***Holmes***, at 563-64 (footnotes omitted).

In ***Commonwealth v. Delgros***, 183 A.3d 352, 360 (Pa. 2018) our Supreme Court recognized a third exception and held that a defendant may raise an ineffective assistance of counsel claim in cases where he or she would

be statutorily precluded from raising an ineffectiveness claim on collateral review. *Id.* at 361. The ***Delgros*** court, however, limited its holding to cases in which the defendant has raised ineffective assistance of counsel claims in post-sentence motions. *Id.* at 362-363; ***see also Commonwealth v. Whitehead***, 2020 WL 119661 at *2 (Pa.Super. filed January 10, 2020) (unpublished memorandum).

In the matter *sub judice*, Appellant's ineffectiveness of counsel claim does not qualify for review under any of the aforementioned exceptions. Accordingly, this claim is dismissed without prejudice to Appellant to raise it on collateral review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/21