J-S15025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLA ROSS | : | |
| | : | |
| Appellant | : | No. 52 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 1, 2006
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0806531-2004

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED OCTOBER 29, 2024**

Appellant Tola Ross appeals *nunc pro tunc* from the judgment of sentence imposed after he pled guilty to third-degree murder, arson, and related charges.  After review, we affirm.

Briefly, the trial court accepted Appellant's plea and imposed an aggregate sentence of twenty-seven-and-one-half to sixty years' imprisonment on February 1, 2006.  Appellant filed a timely post-sentence motion to withdraw his guilty plea, which the trial court denied.  Appellant did not file a direct appeal.  **See** Pa.R.A.P. 903.

Appellant subsequently filed three *pro se* Post Conviction Relief Act[1] (PCRA) petitions, all of which were unsuccessful.  In 2016, Appellant filed a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

petition for writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania, which ultimately denied Appellant's petition. *See Ross v. Bush*, CV 17-73, 2019 WL 6008415 (E.D. Pa. filed Nov. 14, 2019) (unpublished order). Appellant then filed a timely appeal to the United States Court of Appeals for the Third Circuit. The Third Circuit concluded that Appellant's trial counsel had been ineffective for failing to advise Appellant about his right to appeal the trial court's denial of Appellant's motion to withdraw his plea and reversed the district court's order. *See Ross v. Superintendent Pine Grove SCI*, 19-3947, 2022 WL 2816797, at *2 (3d Cir. filed July 19, 2022) (unpublished mem.). Pursuant to the Third Circuit's decision, the district court conditionally granted Appellant a writ of *habeas corpus*, directing that the trial court reinstate Appellant's direct appeal rights. The trial court reinstated Appellant's direct appeal rights *nunc pro tunc* and appointed Matthew F. Sullivan, Esq., (Attorney Sullivan) as appellate counsel on November 23, 2022. Appellant then filed the instant timely notice of appeal on December 13, 2022.

On June 6, 2023, Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement identifying the following substantive claim:

> The trial court erred in denying [Appellant's] motion to withdraw his guilty plea because the oral plea colloquy did not set forth an adequate factual basis for the plea as required by Pa.R.Crim.P. 590(B)(2) (comment). Our Supreme Court has explained, "The factual basis requisite is among six elements, which . . . are essential to a valid plea colloquy."

Appellant's Rule 1925(b) Statement, 6/8/23, at 1 (citation omitted). Thereafter, the trial court permitted Appellant to file a supplemental Rule 1925(b) statement. **See** Trial Ct. Order, 6/23/23. On June 26, 2023, Appellant filed a supplemental Rule 1925(b) statement identifying the following claim of ineffectiveness of trial counsel:

> Trial counsel was ineffective for filing a post-sentence motion to withdraw guilty plea that did not include any reasons for the plea's withdrawal. . . . Counsel's ineffectiveness prejudiced [Appellant] because the motion, which was not supported with factual and legal authority, foreclosed [Appellant] from obtaining the requested relief.

Appellant's Suppl. Rule 1925(b) Statement, 6/26/23, at 1 (some formatting altered).

On June 28, 2023, the trial court issued a Rule 1925(a) opinion which addressed the claim raised in Appellant's first Rule 1925(b) statement, but did not include any analysis as to Appellant's supplemental claim concerning trial counsel's ineffectiveness. **See** Trial Ct. Op., 6/28/23, 1-8 (unpaginated).

On appeal, Appellant raises only the following issue:

> Was trial counsel ineffective for filing a boilerplate post-sentence motion that offered no reason or justification why [Appellant] sought to withdraw his guilty plea?

Appellant's Brief at 4.

**Preservation of Claims**

Before we address the merits of Appellant's claims, we must determine whether Appellant has preserved them for appeal. This Court may raise this

issue of waiver *sua sponte*. ***See Commonwealth v. Wholaver***, 903 A.2d 1178, 1184 (Pa. 2006). "[T]he applicability of waiver principles . . . is a question of law, over which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Barbour***, 189 A.3d 944, 954 (Pa. 2018) (citations omitted).

<u>Ineffective Assistance of Trial Counsel Claim</u>

With regard to Appellant's claim of ineffective assistance of trial counsel, our Supreme Court has explained that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." ***See Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). Our Supreme Court has recognized three exceptions to this general rule. ***See Commonwealth v. Holmes***, 79 A.3d 562, 577-80 (Pa. 2013); ***Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018). The first exception applies to extraordinary circumstances, when a "trial court, in the exercise of its discretion, determines that a claim [] of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted." ***Holmes***, 79 A.3d at 577-78. The second exception addresses "multiple and fairly common ineffectiveness claims," which are accompanied by the defendant's "knowing, voluntary, and express waiver of PCRA review." ***Id.*** at 577-78, 580. The third exception requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***See Delgros***, 183 A.3d at 361.

- 4 -

To qualify for any of these exceptions an appellant must first raise his ineffectiveness claims before the trial court, as the trial court must have an opportunity to review such a claim and for the parties to fully develop the record. **See Delgros**, 183 A.3d at 360-62; **Holmes**, 79 A.3d at 576; **see also Commonwealth v. Bomar**, 826 A.2d 831, 853-55 (Pa. 2003) (recognizing an exception allowing ineffective assistance of counsel claims to be heard on direct appeal where "the claims have been raised and fully developed at a hearing in the trial court," and cautioning that lack of a trial court opinion addressing such a claim "poses a 'substantial impediment to meaningful and effective appellate review'" and "oblige[s] the appellate courts to consider matters not of record, a function that appellate courts normally do not perform[,]" *i.e.*, "to engage in fact-finding in the form of speculation concerning the strategy counsel pursued a trial, a function that [appellate courts] were ill-suited to assume" (citation omitted)).

Appellant argues that this case is "a unique situation" where trial counsel's ineffectiveness is "apparent from the record," thereby warranting a merits review on direct appeal. Appellant's Brief at 8-9. However, Appellant did not raise this ineffectiveness claim before the trial court until well after the notice of appeal was filed, and the trial court has neither had an opportunity to review this claim in the first instance[2] nor have the parties developed a full

---

[2] Appellant first raised this claim of ineffective assistance of trial counsel on direct review in a supplemental Rule 1925(b) statement dated June 26, 2023, six months after he filed his notice of appeal. As noted above, the trial court did not address this ineffectiveness claim in its Rule 1925(a) opinion.

record for our review. *See Holmes*, 79 A.3d at 577. The record does not reflect that Appellant waived his right to subsequent PCRA review. *See id.* at 563-64. Nor are there factors indicating that Appellant is statutorily barred from seeking PCRA relief. *See Delgros*, 183 A.3d at 361. For these reasons we conclude that Appellant has failed to establish any of the recognized exceptions to the general rule that claims of ineffective assistance of counsel must be deferred for collateral review. *See Grant*, 813 A.2d at 738; *see also Delgros*, 183 A.3d at 361; *Holmes*, 79 A.3d at 576. Therefore, we cannot consider Appellant's ineffectiveness claim in this direct appeal. *Grant*, 813 A.2d at 738; *see also Delgros*, 183 A.3d at 361; *Holmes*, 79 A.3d at 576.

<u>Substantive Claim of Error</u>

Further, Appellant's brief fails to include any argument to support his substantive challenge to the denial of his post-sentence motion to withdraw his guilty plea, which requires the demonstration of manifest injustice. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." *See Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (citations omitted). Whether a plea was knowing, intelligent, and voluntary is determined by examining the totality of the circumstances, namely: (1) the nature of the charge; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the sentencing range; and (6) the trial court's authority to depart from any recommended sentence. *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*); Pa.R.Crim.P. 590(A)(2), Comment. The law

presumes that a guilty plea is valid and a defendant bears the burden of proving otherwise. ***Commonwealth v. Reid***, 117 A.3d 777, 783 (Pa. Super. 2015). A defendant is also bound by his statements made during the plea colloquy. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003).

Appellant asserts in his Pa.R.A.P. 1925(b) statement that the factual basis for the oral colloquy of his guilty plea was inadequate but fails to argue facts in his brief to support his bald assertion that manifest injustice resulted when the trial court denied his motion to withdraw his plea. Accordingly, this substantive claim of error is abandoned and no relief is due. For these reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2024

- 7 -