**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF<br>:         PENNSYLVANIA<br>: |
| v. | :<br>:<br>:<br>: |
| DEVON REAKWON STEVENSON | :<br>: |
| Appellant | : No. 1087 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 10, 2025
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000483-2024

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:          **FILED: June 23, 2026**

Devon Reakwon Stevenson ("Stevenson") appeals from the judgment of sentence imposed following his convictions for aggravated assault, assault by a prisoner, aggravated harassment by a prisoner, simple assault, and summary harassment.[1]  Additionally, Stevenson's court-appointed counsel, Jendi N., Schwab, Esquire ("Attorney Schwab"), has filed a petition to withdraw from representation and a brief styled pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We grant Attorney Schwab's petition and affirm the judgment of sentence.

We glean the following factual history from the evidence and testimony presented at trial.  In 2023, Corrections Officer Tyler Eugene Claar ("CO

---

[1] ***See*** 18 Pa.C.S.A. §§ 2702(a)(3), 2703(a)(1)(ii), 2703.1, 2701(a)(1), 2709(a)(1).

Claar") was working at SCI Houtzdale when he ordered a subset of inmates in a housing unit to return to their prison cells. After giving this order, CO Claar recognized that one of the prisoners, Stevenson, was not returning to his cell, but instead "[m]oseying around the dayroom, looking at paper[, and] walking back and forth." N.T., 1/30/25, at 33. When CO Claar issued multiple follow-up orders for Stevenson to return to his cell, Stevenson became "argumentative[,] aggressive[, and frustrated[,]" and approached the officer, who was at a secured desk approximately five feet above the unit floor, in a restricted area of the prison. *Id*. Therein, Stevenson stepped up on a chair, grabbed the bars encapsulating CO Claar's desk, and made verbal threats.

In response to these threats, CO Claar "radioed into control" for assistance, who dispatched Sergeant Brandy McCaulley ("Sgt. McCaulley"), as well as multiple other corrections officers, to the unit floor. *Id*. at 34. Upon her arrival, Sgt. McCaulley took over for CO Claar and resumed communications with Stevenson. When Stevenson continued to refuse multiple direct orders, Sgt. McCaulley issued "a final order that she was going to deploy her [pepper spray] if he did not [allow himself to] be restrained." *Id*. at 35. After Stevenson responded, "[g]o ahead and see what happens[,]" Sgt. McCaulley sprayed him. *Id*. Stevenson then ran towards the sergeant, and multiple corrections officers promptly intervened to "put him on the ground" in an attempt to place him in handcuffs. *Id*. During an ensuing struggle ultimately ending in his being handcuffed, Stevenson bit the exposed

arm of one of the corrections officers, breaking the officer's skin and injuring him to the extent he required treatment by an emergency room physician. As a result of this incident, the Commonwealth charged Stevenson with aggravated assault, assault by a prisoner, aggravated harassment by a prisoner, simple assault, and harassment.

The matter proceeded to a bifurcated jury trial, whereupon the Commonwealth presented security camera footage capturing the incident, as well as testimony from, *inter alios*, CO Claar, Sgt. McCaulley, the injured corrections officer, and the emergency room physician who treated him. Stevenson thereafter testified in his defense. At the conclusion of the trial, the jury found Stevenson guilty of aggravated assault, assault by a prisoner, aggravated harassment by a prisoner, and simple assault, and the trial court separately found him guilty of the summary offense of harassment.[2] The trial court then deferred sentencing pending the preparation of a presentence investigation report.

On March 10, 2025, the trial court imposed an aggregate sentence of three to six years' imprisonment. Stevenson filed a timely post-sentence motion for the reconsideration of his sentence, which the trial court subsequently denied. Stevenson thereafter filed a timely notice of appeal, and the trial court ordered him to file a concise statement pursuant to

---

[2] At the beginning of trial, the Commonwealth downgraded the charge of harassment from a misdemeanor to a summary offense.

Pa.R.A.P. 1925(b).  In lieu of filing a concise statement, however, Attorney Schwab instead filed a petition to withdraw and an **Anders** brief.  Stevenson did not respond to Attorney Schwab's petition or **Anders** brief, and the trial court likewise refrained from filing a Rule 1925(a) opinion.

Before we may address the merits of the issues raised in the **Anders** brief, we must first assess the petition to withdraw from representation to determine whether it meets certain procedural requirements.  **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).  An **Anders** brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  Counsel must also provide a copy of the **Anders** brief to the client, and a letter that advises the client of the right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief."  **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted).  If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case

is wholly frivolous." ***Commonwealth v. Dempster***, 187 A.3d 266, 271 (Pa. Super. 2018) (*en banc*) (*quoting **Anders***, 386 U.S. at 744).

Here, in the ***Anders*** brief, Attorney Schwab provided a procedural and factual history of the case with citations to the record, discussed the issues arguably supporting the appeal, and explained why she concluded that they were frivolous. ***See Anders*** Brief at 6-17. Attorney Schwab also mailed a copy of the ***Anders*** brief to Stevenson, and in a letter advised him that he could raise any additional issues before this Court *pro se* or with private counsel. ***See*** Petition for Leave to Withdraw as Counsel, 3/9/26, Exhibit 1. As Attorney Schwab has substantially complied with the requirements of ***Anders*** and ***Santiago***, we will conduct an independent review to determine whether the appeal is frivolous.

In the ***Anders*** brief, Attorney Schwab identifies the following issues for our review:

1. [T]rial counsel was ineffective for failing to investigate potential defense witnesses, the existence of additional audio/visual footage, and the existence of medical records to [Stevenson's] injuries;

2. [T]rial counsel was ineffective by failing to call potential defense witnesses and for failing to introduce additional surveillance video into evidence at trial;

3. [T]rial counsel was ineffective by failing to cross-examine Commonwealth witnesses about the presence of other inmates in the day room area, the erasure of handheld audio/video footage, doctored video footage, coerced witness testimony, and other matters; and

4. [T]rial counsel was ineffective during jury selection by failing to challenge the standard jury questionnaire, by failing to question/challenge prospective jurors about racial biases or pro-law enforcement opinions and beliefs, and by failing to request individual *voir dire* regarding potential racial bias.

***Anders*** Brief at 5.

Each of the four issues that Attorney Schwab identifies in the ***Anders*** brief presents a challenge to the effectiveness of Stevenson's trial counsel. Before we may review the merits of these issues, however, we must first determine whether we have the jurisdiction to do so. Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal, as such claims are to be deferred to review pursuant to the Post Conviction Relief Act ("PCRA").[3] ***See Commonwealth v. Holmes***, 79 A.3d 562, 576-80 (Pa. 2013). However, our Supreme Court has recognized three exceptions to the general rule. A trial court has discretion to address ineffectiveness claims on direct review in cases where: (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice;" (2) "there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence[;]" or (3) "the defendant is statutorily precluded from obtaining subsequent PCRA review."

_____

[3] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

- 6 -

*Commonwealth v. Delgros*, 183 A.3d 352, 355, 360-61 (Pa. 2018) (*citing*

*Holmes*, 79 A.3d at 563-64).

Here, the record does not indicate that extraordinary circumstances exist, or that Stevenson has waived his right to PCRA review. Additionally, we observe that there is no statute barring Stevenson from seeking PCRA relief with respect to his instant ineffectiveness claims. Accordingly, we cannot consider any of the four ineffectiveness claims that Stevenson raises on direct appeal, as we reiterate that he may only seek relief for these types of claims in a timely-filed, first PCRA petition. *See id*. Consequently, because we lack jurisdiction to grant Stevenson relief for any of the issues he presents on direct appeal, and our independent review of the record discloses no further meritorious issues that counsel might have missed, we grant Attorney Schwab's petition to withdraw and affirm Stevenson's judgment of sentence. *See Dempster*, 187 A.3d at 271.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/23/2026